## The State v. Stewart.

1. **Criminal Law**: INSTRUCTION: DEGREE OF PROOF.  In a criminal prosecution, an instruction which draws a distinction between two facts, both of which are essential to the conviction of the defendant, as to the degree of proof required for their establishment, is erroneous.

2. ——: ——: ——.   The giving of an instruction which is susceptible of being so construed as to require the jury to convict, unless each individual juror shares a reasonable doubt of defendant's guilt, constitutes prejudicial error.

*Appeal from Harrison District Court.*

TUESDAY, OCTOBER 28.

THE indictment charged that the defendant "did unlawfully, willfully, and feloniously, administer to one Surrilda Purcell, who was then and there a pregnant woman, certain drugs and substances, and did then and there, unlawfully    *    *    use a certain instrument    *    *    with intent then and there, and thereby, to procure the miscarriage of the said Surrilda Purcell, such miscarriage    *    *    not being necessary to save her life."   There was a verdict of guilty, judgment, and defendant appeals.

*Cochran & Bailey*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J. The second and third instructions given the jury were as follows:

"2. There are in the offense with which the defendant is charged, as enumerated in the indictment herein, the following material allegations, to wit:

"*First.* That on or about the 1st day of November, 1878, said Surrilda was pregnant.

"*Second.* That the defendant, Stewart, willfully administered to said Surrilda Purcell some drug or drugs, or substances, with the intent to produce the miscarriage of said Surrilda Purcell, or that he used some instrument upon said Surrilda, with the intent to produce her miscarriage.

"*Third.* That this was done by defendant at and within this said county and State, and on or about the 1st day of November, 1878, and while said Surrilda was pregnant. If the first and third of the foregoing material allegations are fully and clearly proven, and either the first or second averment of the second allegation is proven beyond all reasonable doubt, and you are further satisfied beyond all reasonable doubt of the guilt of the defendant, your verdict should be guilty. If not so satisfied, then your verdict should be not guilty."

"3. A reasonable doubt is such a doubt as fairly and naturally arises in the minds of the whole jury, after fully and carefully weighing and considering all the evidence which has been introduced herein during the progress of the trial, when viewed in the light of all the facts and circumstances surrounding the same."

It is insisted these instructions are erroneous, and in relation thereto we have to say:

I. In order to constitute the crime charged, Surrilda Purcell must have been pregnant at the time the drugs were administered, or instrument used, with intent to produce the miscarriage. Unless the fact of pregnancy was established beyond a reasonable doubt, the defendant was entitled to an acquittal. But it does not follow that the jury should be instructed to this effect. It is sufficient if the jury are instructed they should acquit if, upon

1. CRIMINAL LAW: instruction: degree of proof.

the whole case, they have such a doubt. When such an instruction is given, it covers the whole ground, and necessarily includes each material fact required to convict, and sufficiently directs the jury that each material fact must be established beyond a reasonable doubt. *The State v. Felter*, 32 Iowa, 49 (53); *The State v. Hayden*, 45 Id., 11.

If we understand the second instruction, the jury were told that it was sufficient if the existence of pregnancy had been "fully and clearly proven." This is not equivalent to saying it must be established beyond a reasonable doubt.

A clear, well defined, and, we doubt not, intentional distinction is drawn between pregnancy and the administration of the drugs, or use of the instrument. It must be presumed the jury understood the distinction thus drawn, and that the fact of pregnancy was only required to be fully and clearly proven, while the use of the instrument, or administration of drugs, must be established beyond a reasonable doubt. This, we think, constitutes error to the prejudice of the defendant, and that it is not cured by the subsequent remark that, if the jury " are satisfied beyond a reasonable doubt of the guilt of the defendant," they should so find. For the jury were not told if they have such doubt on the whole case they must acquit. Besides this, the latter part of the instruction is contradictory to that portion which indicates the degree of proof required to establish the fact of pregnancy.

But we ground our opinion principally upon the proposition that the instruction draws a distinction between two facts, both of which should be established beyond a reasonable doubt before the defendant could be convicted.

II. The definition of reasonable doubt in the third instruction is, " such as arises in the minds of the whole jury." If by this it was meant that there must be such doubt before there could be an acquittal, it is correct. *The State v. Rorabacher*, 19 Iowa, 154. But the difficulty is whether the jury did not understand that if such doubt did not exist there should be a conviction. If this latter view is the correct one, then the instruction is erroneous, because it amounts to a direction to each individual

juror to yield his convictions, unless the reasonable doubt entertained by him is shared by his fellows.

While we have some doubt as to the proper construction of the instruction, we, on the whole, incline to think it was prejudicial to the defendant, and may have produced a conviction, when one or more of the jurors may have entertained a reasonable doubt of his guilt.

III.   In view of a new trial, it is proper to say that none of the objections to the evidence, or the admission thereof, are well taken.

The objection made here to the admission of the evidence of the witness Hull is that it was not rebutting, but the objection below was that it was incompetent.

It was clearly competent and material, but it may not have been strictly rebutting.

REVERSED.