## THE STATE v. SLOAN.

1. **Criminal Law**: BIGAMY: ESSENTIALS OF CRIME. An indictment for bigamy is not barred by the statute of limitations because of the fact that the second marriage was contracted in this State more than three years prior to the finding of the indictment, when the parties have continued the cohabitation until within that time. Under the statute the crime is committed by cohabitation under a bigamous marriage as well as by the marriage itself, and no less when the marriage takes place within than when without the State.

2. ———: ———: EVIDENCE. Upon the trial of an indictment for bigamy the legal husband or wife of the defendant is a competent witness in behalf of the State.

3. ———: INSTRUCTION: REASONABLE DOUBT. An instruction charging the jury that a reasonable doubt is such as arises fairly and naturally "in the minds of the whole jury" is liable to be misleading, and is erroneous.

*Appeal from Harrison District Court*

TUESDAY, DECEMBER 14.

THE defendant was convicted of the crime of bigamy. Judgment having been rendered upon the verdict, he appeals.

*Barnhart & Cadwell,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ADAMS, CH. J.—I.   The defendant was indicted under section 4009 of the Code, which is in these words:   " If any

1. CRIMINAL law: bigamy: essentials of the crime.

person, who has a former husband or wife living, marry another person, or continue to cohabit with such second husband or wife in this State, he or she (except in the cases mentioned in the following section) is guilty of bigamy." The indictment was found on the 29th day of August, 1879, and alleges, in substance, that the defendant, on the 13th day of August, 1872, being already married to one Nancy A. Coonrod, who was still living and was his lawful wife, willfully, unlawfully and feloniously married one Hattie Morris, in the county of Harrison, Iowa, and thereafter in said county, until the finding of the indictment, continued all the time to cohabit with her as his second wife.

To the indictment the defendant demurred upon the ground that it did not appear that the alleged offense was committed within three years prior to the finding of the indictment.

The court overruled the demurrer, and the defendant assigns the overruling thereof as error.

As the second marriage took place more than three years prior to the finding of the indictment it cannot be sustained unless it be upon the ground that the defendant continued to cohabit with his second wife, in this State, until a time within three years prior to the time the indictment was found.

The defendant insists that the provision in respect to continued cohabitation in this State was designed to apply only to a case where the marriage took place elsewhere.   The object of the statute, of course, is to define the offense.   Now the defendant's argument is that if the marriage takes place in this State the offense is complete as soon as the marriage takes place.   The offense cannot be more than complete. Hence in a statute designed merely to define the offense it

would be absurd to define it as consisting not only in the marriage, but in the marriage and cohabitation. His theory is that the statute defines the offense as one which may be committed in two distinct ways, either, 1st, by the marriage within the State, or, 2d (where it is not committed in the first way) by continued cohabitation in the State after the marriage.

The design of the statute doubtless was, as the defendant contends, to make continued cohabitation in this State, under a ·bigamous marriage contracted elsewhere, bigamy in this State. But we think that the statute means more than that.

Cohabitation under a bigamous marriage, wherever it may have been contracted, is contrary to the peace and order and good morals of society. So far as mere cohabitation is concerned its objectionableness does not depend to any extent upon the place where the bigamous marriage was contracted. There is no reason, therefore, in the nature of the case for limiting the offense to cohabitation under a bigamous marriage contracted elsewhere.

We do not forget the defendant's position, that if the marriage is contracted here that constitutes the crime.

But if a bigamous marriage contracted elsewhere can so far enter into and characterize the cohabitation here as to make the cohabitation an offense distinct from ordinary illicit cohabitation, then a bigamous marriage contracted here can do the same thing. If in the one case the marriage and the cohabitation can be linked together, and in some sense made to constitute one crime, and thereby made to span state lines, they can in the other case be linked together and made to constitute one crime so as to span whatever time is covered by the cohabitation. In our opinion the District Court did not err in overruling the demurrer.

II. Mrs. Sloan, the first wife, was allowed to testify in behalf of the State, against the defendant's objection. Section 3641 of the Code provides that neither the husband nor wife shall be a witness against the

2. ___: ___: evidence.

other except in a criminal proceeding for a crime committed by one against the other. In our opinion, if the defendant is guilty of bigamy, he committed a crime against his wife. We think that she was a competent witness.

III. The defendant assigns error upon an instruction which was given in these words: "A reasonable doubt is such a doubt as fairly and naturally arises in the minds of the whole jury." In the instruction preceding this the jury were told that if they were satisfied of the defendant's guilt, beyond all reasonable doubt, they should convict, and otherwise acquit. Taking the two instructions together, they might be considered as meaning that the jury should acquit if a reasonable doubt arose in the mind of one juror. With this view the defendant ought not to complain. But the jury was, we think, liable to be misled, and conclude that unless the doubt arose in the minds of all the jurors it was something less than a reasonable doubt, and should be disregarded. *State v. Stewart*, 52 Iowa, 284. The true idea, we think, is that each juror, under his oath, must vote according to his own convictions, and the doubt with which he has to do is the doubt in his own mind. We do not mean that each juror may not consider and respect the views of his fellow-jurors. But when he has accorded to them all proper consideration and respect, if a reasonable doubt arises in his mind, or fails to arise, he should vote accordingly.

For the error pointed out the case must be remanded for another trial.

REVERSED.