STATE OF IOWA, Appellee, v. VIOLA WALKER, Appellant.

**CRIMINAL LAW:** Evidence—Intoxication—Sufficiency as Defense.
1  Record evidence reviewed, and held insufficient to show that the accused was so intoxicated as to be incapable of forming an intent.

**CRIMINAL LAW:** Trial—Argument—Bill of Exceptions Necessary.
2  Misconduct in argument will not be passed upon in the absence of a bill of exceptions.

**Headnote 1:** 36 Cyc. p. 505. **Headnote 2:** 17 C. J. p. 127.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

JUNE 25, 1925.

TRIAL on an indictment for sodomy, resulting in a verdict of guilty. Defendant appeals.—*Affirmed.*

*David W. Fletcher,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

DE GRAFF, J.—The defendant Viola Walker was jointly indicted with one Richard Eddy for the crime of sodomy, and on her motion was tried separately, on a plea of not guilty. After verdict of guilty and the overruling of motion for new trial, judgment was entered, in conformity to law.

We will not stain the pages of judicial opinion by detail-

ing the revolting and nauseating evidence disclosed by the record. The testimony of the three eyewitnesses to the act upon which the indictment is predicated is not traversed, and there is no denial on the part of the defendant, except as contained in her plea of not guilty. Her sole defense is that she was so intoxicated at the time of the commission of the crime charged as to be incapable of entertaining an intent. The defense rests. upon the record made by the State. No witness was offered by the defendant, and she did not testify. We are not advised whether the court instructed the jury on the question of intoxication, as the record before us does not set out the charge of the court. This matter, therefore, must be considered under the proposition that the verdict is not supported by the evidence, in that the defendant was so intoxicated that she was incapable of forming a criminal intent.

1. CRIMINAL LAW: evidence: intoxication: sufficiency as defense.

Drunkenness is not strictly a defense to crime; but it is defensive matter, which the defendant must establish affirmatively by a preponderance of the evidence. *State v. Crietello,* 197 Iowa 772; *State v. Harrison,* 167 Iowa 334; *State v. Sparegrove,* 134 Iowa 599. It does not avail in this case. The three eyewitnesses to the repulsive scene were law officers. The defendants were then and there arrested and incarcerated in the county jail. It is evident from the testimony of the eyewitnesses, who were the only witnesses upon the trial, that the defendant and her codefendant had been drinking intoxicating liquor, and that they were somewhat under the influence of liquor. On cross-examination, one witness expressed his opinion that the defendant "was committing the act of her own volition," and gave a reason for that opinion which we will not recite. The witness was further asked if the defendant was so far under the influence of intoxicating liquor that she did not know what she was doing; to which he replied, "I would say she knew what she was doing,—yes." We find no other reference to this matter in the record. Sufficient to state that there was no attempt on the part of the defendant to establish her affirmative defense, except through the cross-examination of the witnesses for the State. Various degrees of intoxication are recognized. *State v. Baughn,* 162 Iowa 308. However, the most that can be

claimed in this case is that the defendant "had been drinking liquor." Clearly, the court did not err in overruling the motion for new trial in this particular.

The only other proposition urged by appellant is based on the misconduct of the county attorney in his argument to the jury. The record does not contain the challenged argument, and

2. CRIMINAL LAW: trial: argument: bill of exceptions necessary.

this is fatal to the assignment. The only reference whatsoever to the argument is found in the motion for new trial, in which a certain statement alleged to have been made by the county attorney is recited. That the statements upon which reversible error is predicated were made, is flatly denied by the county attorney under oath, in the resistance to defendant's motion for new trial. There is no occasion to review the situation. No proper bill of exceptions is before us. *State v. Gorman*, 196 Iowa 237; *State v. Lilteich*, 195 Iowa 1353; *State v. Kilduff*, 160 Iowa 388; *State v. Hart*, 140 Iowa 456; *State v. Helm*, 97 Iowa 378.

No prejudicial error appears, and the judgment entered is— *Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.