STATE OF IOWA, appellee, v. CLEVE MARION JOHNSON, appellant.

No. 50054.

(Reported in 109 N.W.2d 625)

1322

June 13, 1961.

Rehearing Denied September 18, 1961..

Mike Wilson, of Des Moines, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, Harry Perkins, Jr., Polk County Attorney, and Thomas P. Hyland, Assistant County Attorney, for appellee.

Hays, J.—Defendant was indicted, tried and convicted of operating a motor vehicle upon the public highway while in an intoxicated condition, third offense, as defined in section 321.281, Code of 1958, and appeals.

Appeal assigns five alleged errors as a basis for a reversal.

I. It is contended the court erred in overruling appellant's motion for a directed verdict based upon insufficiency of the evidence. We do not agree.

The State offered the testimony of the arresting officer that he stopped appellant's car as he was operating it on the public highway; that he smelled intoxicating liquor on him, he was unsteady on his feet and that in his opinion he was intoxicated. Somewhat similar testimony was given by a police officer who was at the station at the time appellant was brought in. In contradiction thereof, the appellant testified he was not intoxicated. He also produced several other witnesses who testified to his activities and conduct prior to the arrest. They give it as their opinion that he was not intoxicated. If the question of appellant's condition is to be determined according to the side calling the most witnesses on a given question, then appellant would clearly prevail. However, fortunately or unfortunately, depending upon one's viewpoint, such is not the rule. There was a clear dispute in the testimony relative to appellant's sobriety. It was solely a fact question to be submitted to, and determined by, a jury. The verdict returned

finds ample support in the record. State v. Carlson, 224 Iowa 1262, 276 N.W. 770; State v. Poffenbarger, 247 Iowa 552, 74 N.W.2d 585.

■ II. It is claimed the court erred in not submitting the instructions in their final form to counsel prior to giving them to the jury, as required by rule 196, R. C. P. The record does not sustain this contention. In ruling upon appellant's motion to dismiss, made after both parties had rested, the court stated:

"Let the record show that after both parties had rested and prior to the commencement of argument, the instructions of the court in their proposed form were submitted to counsel without any objections or requests for further instructions." By an amended record filed by the State, the following appears: "After arguments and counsel given an opportunity to inspect the court's instructions in full after they were given to counsel, and that then counsel for defendant stated he had no objections to the court's instructions, as given."

■ III. Error is assigned for failure of the trial court to instruct upon appellant's failing to submit to a blood test. What the court did or did not instruct upon does not appear in the record since a complete statement of the instructions given is not set forth. No instruction thereon was requested and under the record, as stated in Division II hereof, the giving of such instruction was waived. State v. Hartung, 239 Iowa 414, 30 N.W.2d 491; State v. Sampson, 248 Iowa 458, 79 N.W.2d 210.

■ IV. Error is asserted in that it is claimed the court gave two separate and conflicting instructions as to the legal definition of intoxication. Nowhere in the record do these instructions appear and hence there is nothing before this court upon which to base a decision. State v. Sampson, supra; State v. Katz, 241 Iowa 115, 40 N.W.2d 41.

■ In appellant's brief and argument appears what purports to be, and we assume correctly, Instructions No. 4 and No. 7, which deal with the definition of intoxication. We would merely direct appellant's attention to State v. Stout, 247 Iowa 453, 456, 457, 74 N.W.2d 208.

■ V. Finally, it is urged the court erred in its instructions in that it gave undue emphasis to the fact that appellant had twice before been convicted of operating a motor vehicle while intoxicated. This fact was admitted at the start of the trial. On this assigned error, suffice to say we do not have the instructions before us.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.