STATE OF IOWA, appellee, v. RICHARD C. ESTRELLA, appellant.

No. 51461.

(Reported in 133 N.W.2d 97)

464

February 9, 1965.

Linnan, Lynch & Straub, of Algona, for appellant.

Evan A. Hultman, Attorney General, and Gordon L. Winkel, Kossuth County Attorney, for appellee.

Larson, J.—By a county attorney's information defendant was charged with the crime of shoplifting of goods of a value in excess of $20, in violation of section 709.20, Code of Iowa, 1962. Pursuant to trial and conviction he was sentenced to five years imprisonment in the state penitentiary. Six assigned errors are relied upon for reversal.

■ ■  I. Appellant first contends the court erred in overruling his motion for a directed verdict based upon the insufficiency of the evidence. The rule is well established in this jurisdiction that criminal cases should be submitted to the jury if there is substantial evidence tending to support or reasonably tending to support the charge. State v. Miskell, 247 Iowa 678, 686, 73 N.W.2d 36; State v. Anderson, 239 Iowa 1118, 1125, 33 N.W.2d 1, and cases cited therein. This evidence may be direct or circumstantial or a combination of each. State v. Manly, 211 Iowa 1043, 233 N.W. 110; State v. Heinz, 223 Iowa 1241, 275 N.W. 10, 114 A. L. R. 959.

In considering a motion for a directed verdict the evidence, of course, is to be viewed in the light most favorable to the party against whom the motion is directed. No authority need be cited in support of that proposition, but see 23A C. J. S., Criminal Law, section 1145(3)h; State v. Anderson, supra.

■  The record discloses that as Mr. Robert Williams, the owner of the Hub Clothiers store in Algona, Iowa, was watching television in the rear of his store shortly after 5 p.m. on December 14, 1963, he heard something fall to the floor near the front of the store. He turned in time to see someone going out the door. He called out offering to wait upon this person, but the party merely looked back, left the store hastily, and in doing so dropped something blue. Mr. Williams ran to the front of the store, picked up a long-sleeved knit sport shirt from the floor where it had been dropped, and stepped outside in time to see the party, later identified as the defendant, walking westward on State Street "outside the cars." Williams could not see him carrying anything, but when he returned to the store he noticed three or four piles of shirts were gone from the place they were normally kept. He called the police, locked the store, and went in search of the party he had seen leave the store. He was joined by a highway patrol officer. They observed Dick Beisell sitting in his car near the corner of that block and asked him if he had seen anybody of defendant's description. Williams said he told them he had seen such a man going south with unwrapped shirts in his arms, that this man had turned into the alley behind Sheakley's store and had returned a few minutes later empty-armed.

Williams and the officer went down the alley and found ten shirts bearing the Hub store markings under an air conditioner at the rear of Sheakley's store. Williams testified the retail price of these shirts totaled $71.60. He said they were returned to the Hub store and placed on a counter separate from other merchandise. The following Monday, December 16, the sheriff, at Williams' request, took a picture of these shirts, and the photograph was later introduced in evidence as State's Exhibit A.

Mr. Beisell testified he saw defendant come down the street with his arms loaded with clothing or wearing apparel of bright colors. He said defendant came from the east and went south to the alley behind the Sheakley store, then east down the alley, and that defendant soon reappeared without the apparel.

Defendant's sole evidence was given by Officer Richard Groen, who said he arrested defendant in Rusk's Drug Store in Algona at about 5:45 or 5:50 p.m. on that day. The officer was called there because defendant was causing a disturbance. Officer Groen testified he observed defendant standing in the store, that defendant did not stagger around, that he talked with defendant, that defendant gave him his name, and that defendant willingly left the store with him. The officer also said defendant was later sentenced to 15 days in jail on an intoxication charge in the mayor's court.

The direct evidence produced by the State is sufficient to sustain a jury finding of guilt. Williams and Beisell positively identified the defendant and connected him with the taking and concealing of store apparel. Williams saw him as he left the store and as he walked westward down the street. He saw defendant's face, his build, and his wearing apparel. True, he could not say he saw the defendant carrying this merchandise, for at all times defendant was moving away from Williams and could have been carrying the shirts in such a way that they could not be seen from the rear. On the other hand, Beisell saw defendant at approximately the same time approaching from the east, saw him carrying unwrapped shirts, and observed his course of travel to the alley where the shirts were found a short time later. Thus, we find no contradiction in Williams' testimony. While he said he saw no shirts in defendant's arms as he fled from the store, he did not say defendant was leaving empty-handed.

The dropped shirt, plus the noted absence of three or four piles of shirts from the counter, gave rise to a fair and reasonable conclusion that they were taken from the store by defendant. The immediate discovery of the place that defendant hid the shirts would also give rise to a fair and reasonable conclusion that they were so concealed by him. Indeed, appellant suggests no other reasonable hypothesis from the facts disclosed by these witnesses. Thus there is no merit in the contention that this evidence was merely circumstantial and, as such, insufficient to sustain a conviction. The cases of State v. Whisler, 231 Iowa 1216, 3 N.W.2d 525, and State v. Cristani, 192 Iowa 615, 185 N.W. 111, cited by appellant, are not in point, for in each the evidence relied upon for conviction was entirely circumstantial and clearly insufficient to sustain a conviction. Convictions may, of course, be had on purely circumstantial evidence.

We conclude under this record there was substantial evidence, both direct and circumstantial, which reasonably tended to support the verdict.

II. In his second assignment appellant contends that a photograph, State's Exhibit A, was erroneously admitted. We are definitely committed to the rule of admissibility where proper foundation has been laid. State v. Ebelsheiser, 242 Iowa 49, 56, 43 N.W.2d 706, 19 A. L. R.2d 865. The photograph here was shown to be a true representation of the stack of shirts, something which it purported to represent. Since a verbal description of these shirts would have been admissible, the photograph was admissible. Such a photograph would be competent evidence of that which would be competent and relevant if verbally described by a witness. State v. Ladehoff, 255 Iowa 659, 666, 122 N.W.2d 829, 834; State v. Ebelsheiser, supra; State v. Leib, 198 Iowa 1315, 201 N.W. 29; 23 C. J. S., Criminal Law, section 852(1). Mr. Williams here identified the exhibit as a photograph of the shirts that were taken from his store on the evening of December 14. He had placed them on that counter when returning them to the store. Sheriff Ralph W. Lindhorst identified the exhibit, said he took the picture and that it accurately represented the designated merchandise. A proper foundation was laid and the photograph was sufficiently identified for its admission in evidence.

Appellant's most "serious objection" to this exhibit, however, arises out of a marking on the back of the photo. A stamp was imprinted thereon so the photographer would have a record of the date of the picture, the shutter opening, etc., including a space for the subject. Because the words "Shirts taken from Hub" appear after the term "Subject", appellant contends the exhibit was inadmissible. He contends this notation was placed thereon by the sheriff-photographer who did not see these shirts taken from the Hub, and when taken into the jury room it was prejudicial to defendant and was hearsay. No objection was raised in the trial below on this ground, and none can be raised here. State v. Mauch, 236 Iowa 217, 225, 17 N.W.2d 536; State v. Woodmansee, 212 Iowa 596, 614, 233 N.W. 725. While it is true these words might have been blocked out had the objection been raised below, the trial court was given no opportunity to so rule. Nevertheless, we think they were harmless words and conclude any right to have them stricken was waived. As bearing on this matter, see 20 Am. Jur., Evidence, section 741, page 617.

III. In his third assignment appellant complains of certain hearsay testimony of the witness Williams regarding statements allegedly made by the witness Beisell while not in defendant's presence. While there may be some question as to whether defendant performed his obligation to make clear the basis of his objection to preserve the error (State v. Ostby, 203 Iowa 333, 342, 210 N.W. 934, 212 N.W. 550, and citations), the State correctly points out the error, if it was such, was not reversible error, for the witness Beisell later gave substantially the same testimony in the trial. Appellant concedes that is the rule, but argues if Beisell had testified first, the hearsay evidence would be less prejudicial and might be overlooked. We are not convinced the order of the testimony makes any great difference when the substance of the hearsay testimony is substantially the same as that properly presented in the trial by a competent witness. There is no merit in this assignment.

IV. Appellant further contends the court erred in giving Instruction No. 8, which he says invades the province of the jury and instructs the jury that if it finds one fact to exist, that fact as a matter of law implies the existence of another fact,

and that the legislature did not intend to provide, by enacting section 709.21, that a presumption of criminal intent could be raised by proof of other facts. He argues by giving this instruction the court placed undue importance on testimony relating to concealment. We cannot agree.

Section 709.21, Code, 1962, provides: "The fact that any person has concealed unpurchased goods or merchandise of any store * * * either on the premises or outside the premises of such store, shall be material evidence of concealment of such article with the intention of converting the same to his own use without paying the purchase price thereof within the meaning of section 709.20 * * *."

In Instruction No. 8 the court told the jury: "In this connection you are instructed that if the State has proven beyond a reasonable doubt that the defendant concealed unpurchased goods of the Hub Clothiers store of Algona, Iowa, outside the premises of said store, such evidence of concealment of such merchandise is material evidence of concealment of same with the intention of converting it to his own use without paying the purchase price thereof."

It is the State's position that the court merely used the words of the statute, which makes evidence of concealment material evidence of intent to convert. We agree. Furthermore, the court made it quite clear that concealment must be proven beyond a reasonable doubt before it could be considered as material evidence of concealment with the intention to convert. It was, we think, necessary and proper for the court to use the expressions of the statute to explain what was material evidence of intent. We fail to see, when this instruction is viewed with Instruction No. 7 and others, how the jury could conclude the court was attaching any undue significance to such concealment of evidence. As bearing on this matter, see State v. Critelli, 237 Iowa 1271, 24 N.W.2d 113; State v. Brown, 216 Iowa 538, 245 N.W. 306. The rule is considered in the Critelli case, at page 1283 of 237 Iowa, as follows:

"The rule [against undue import or reference to evidentiary facts in instructions] is not violated by the mere fact that the court, in instructing the jury, charges on a particular issue,

theory, or defense, or alludes to particular testimony or parts of the evidence, where the instruction is given in such form and manner that, particularly when viewed with other instructions, it cannot reasonably be understood by the jury as an intimation that the court attaches any undue importance to the issue, contention, theory, or defense charged on, or to particular facts or circumstances, or particular parts of the evidence alluded to." (Citations)

We find no presumption of a criminal intent in this instruction, but rather a clear statement that concealment must be proven beyond a reasonable doubt before it could be considered as material evidence of intent to convert. It must, therefore, be concluded that the instruction was proper, particularly when considered together with all other instructions given, as must be done. State v. Sampson, 248 Iowa 458, 465, 79 N.W.2d 210; State v. Critelli, supra.

V. Although no request was made for an instruction as to the effect of intoxication upon criminal intent, appellant now claims the court's failure to give such an instruction deprived him of a fair trial. We cannot agree. Indeed, under the evidence in this case such an instruction would have been improper. Nowhere does it appear the defendant was so intoxicated as to be incapable of forming a specific intent. True, some 45 minutes after the shirts were taken from the Hub store defendant was arrested for intoxication. We are not advised as to where he was in the interim, what he did, or whether he was tried and found guilty or pled guilty to intoxication, but we note at the time of the alleged crime neither Mr. Williams nor Mr. Beisell observed anything about the defendant that would indicate he was intoxicated, and no one testified as to the extent of the alleged intoxication.

The burden was on the defendant to show that he was so far intoxicated at the time of the commission of the crime as to be incapable of forming a specific intent. State v. Crietello, 197 Iowa 772, 773, 197 N.W. 902; State v. Harrison, 167 Iowa 334, 149 N.W. 452. This he failed to do, and the trial court was correct in not giving an instruction on intoxication. It is also noted that defendant did not rely upon intoxication as a defense.

See State v. Johnson, 252 Iowa 1321, 109 N.W.2d 625, and cases cited.

VI. In his last assignment appellant contends the court erred in giving that part of Instruction No. 4 which defines reasonable doubt, and that part of Instruction No. 14 relating to undisputed evidence. Although no objections were raised as to these instructions before the trial court, we shall consider them on the broad issue of whether they disclose such error as would deprive defendant of a fair trial.

In Instruction No. 4 the court told the jury: "If the evidence in this case has established the guilt of the defendant to a moral certainty in your *minds*—such a certainty as you would act upon in a matter of the highest importance to yourselves—then you are convinced beyond a reasonable doubt; but if, upon a full and fair consideration of all the evidence in the case, or the lack of evidence, your *minds* still waiver and do not settle down to an abiding conviction of guilt of the defendant, then you are not satisfied beyond a reasonable doubt." (Emphasis supplied.)

It seems to be appellant's position that by referring to "minds" the court may have misled the jurors into the belief that a reasonable doubt had to be present in *all* their minds before they could acquit the defendant. He cites State v. Sloan, 55 Iowa 217, 7 N.W. 516, and State v. Stewart, 52 Iowa 284, 3 N.W. 99, as support for his contention. There the reference was to the "minds of the whole jury", and, as pointed out by the State, there is a substantial difference between that phrase and the word "minds" as used in the present considered instruction. We fail to see how the use of this word would cause the jurors to reach the conclusion appellant thinks they might have reached, and conclude the wording of Instruction No. 4 was not improper. As bearing on this issue, see State v. Penney, 113 Iowa 691, 84 N.W. 509; Annotation, 137 A. L. R. 394, 406, 407.

The same cannot be said as to part of Instruction No. 14. Certainly a jury in a criminal case is not bound to believe uncontradicted statements of a witness as to a fact. The jury has the right to disbelieve any of the witnesses whose evidence it sees fit to reject, and the court is powerless, in criminal cases, to alter or modify that discretion. Thus appellant

contends the court committed reversible error by the expression used in Instruction No. 14, which stated in part: "* * * It is solely and exclusively for the jury to weigh the evidence and find and determine the facts *when they are disputed,* and this you must do from the evidence alone, or lack of evidence, and having done so apply the law as stated in these instructions." (Emphasis supplied.) The italicized words should have been deleted.

We said in State v. Lightfoot, 107 Iowa 344, 351, 78 N.W. 41: "The rule is well settled that the jury alone can determine questions of fact in a criminal case, and that the judge cannot, either in his charge or at anytime during the trial, declare or deny the existence of any fact bearing on the issue and which is in contest." We also said therein: "The plea of not guilty puts in issue every material element of the offense charged, and, if the court may find one fact established, it may find all. We do not think the court has power to instruct that any essential fact is established, notwithstanding there may be no evidence to the contrary. * * * They have power to return a verdict of acquittal in a criminal case, although the evidence clearly shows the commission of the crime and is uncontradicted."

It is defendant's thought that the use of the phrase "when they are disputed" implies that the jury is not the sole judge of the facts, but must determine them only when they are disputed. He admits, however, that in Instruction No. 2 the court told the jury that the plea of not guilty is a denial of guilt and of each and every allegation of the information, and places on the State the burden of proving the same beyond a reasonable doubt. He also concedes the rule that all the instructions must be read together. When that is done in this case it is difficult to believe the phrase complained of would be given the consideration claimed for it. Thus while its use was error, we think, because of other specific instructions given, the error was not fatal.

While it is possible the jury might have been misled by this erroneous instruction, that position would have more merit if this were the sole instruction as to the duty and authority of the jury. However, immediately preceding that statement in Instruction No. 14 the court told the jury it had "not by these instructions,

nor * * * by any ruling made, or any act done, or word said during the trial, intimated or meant to give any intimation or opinion as to what the proof is or what it is not, or what the facts are or what are not the facts in the case, or what your verdict should be." In Instruction No. 15 the court told the jury: "You are the sole judges of the credibility of the witnesses and of the weight and value of their testimony." Thus the jury was clearly advised that all the law applicable to the case was not embodied in any one instruction, that they must be applied as a whole to the evidence in the case, which of course is the well settled law in this jurisdiction. State v. Sampson, supra, 248 Iowa 458, 465, 79 N.W.2d 210.

While we cannot approve the wording of Instruction No. 14, we are not convinced the error was so flagrant as to require a new trial. As a matter of fact, only upon a careful reading of this objectionable sentence could the surplus words convey the thought that undisputed testimony must be taken as true. Furthermore, we note there was no objection to this wording when the instruction was submitted to defendant's counsel, and it may be assumed the ambiguity, if one was so created, was considered removed by other clear instructions as to the jury's authority, duty and obligation. Thus we do not find the error reversible error in this instance.

VII. We have carefully reviewed this appeal and, while some of the alleged errors appear insignificant, we must compliment the diligent effort of the State-appointed counsel in preparing this appeal in behalf of his client. He left no stone unturned. However, since we have found no reversible error, we must affirm the judgment of the trial court.—Affirmed.

GARFIELD, C. J., and HAYS, PETERSON, SNELL and MOORE, JJ., concur.

THOMPSON, THORNTON and STUART, JJ., dissent.

THOMPSON, J. (dissenting)—I concur in the majority opinion, except that I am unable to agree that there was no prejudicial error in the giving of Instruction No. 14. The majority concedes the language of the instruction was in error, but holds it is not reversible.

But when error appears, especially in a criminal case, prejudice is presumed. The jury was told it was its duty "to weigh the evidence and find and determine the facts when they are disputed." This is a specific instruction as to what evidence they should weigh and determine; and it was not cured by any general instructions given. Indeed, if one instruction is correct and another on the same point is erroneous, error and prejudice appear. There is no way of knowing which instruction the jury followed.

The expression of one thing excludes others: "Expressio unius est exclusio alterius." When the court told the jury that it was to determine the facts "when they are disputed", it in effect excluded the determination of undisputed facts. I would hold this was reversible error.

THORNTON and STUART, JJ., join in this dissent.