**STATE of Iowa, Appellee,**

v.

**Michael KASTER, Appellant.**

No. 52725.

Supreme Court of Iowa.

Sept. 5, 1968.

Larry J. Conmey, Anamosa, for appellant.

Richard C. Turner, Atty. Gen., and David A. Elderkin, Asst. Atty. Gen., for appellee.

LARSON, Justice.

It appears from the record and the transcript, filed herein, that the defendant, Michael Kaster, was serving a five-year sentence for grand larceny at the Men's Reformatory at Anamosa, Iowa, at the time the alleged crime was committed on May 5, 1966. Pursuant to a county attorney's information filed May 13, 1966, accusing him of the crime of sodomy in violation of section 705.1 of the 1962 Code of Iowa, defendant pleaded not guilty and the motion of his court-appointed attorney to suppress evidence of alleged admissions was sustained.

Trial by jury was had on December 12, 1966, and a verdict of guilty was returned. On December 16, 1966, Kaster was sentenced to an additional term of not to exceed ten years in the Iowa State Penitentiary at Fort Madison, Iowa, the same to run concurrently with the term being presently served.

Upon a request by appellant, his present attorney was appointed to prosecute this appeal. The record was filed August 24, 1967, and the case was submitted on appellant's typewritten brief and argument. He assigns as error the court's failure to sustain his motion for directed verdict at the close of the State's case, on the grounds that the State failed to prove actual penetration, that it failed to prove carnal copulation in any opening of the body except sexual parts of another human being, as required by Code section 705.1, and that the

circumstances of finding two inmates physically present in the same cell did not raise a presumption of sodomy sufficient for jury consideration. Although his motion disclosed his defensive contentions, and although his evidence was in accord with those contentions, this motion was not renewed at the close of all evidence. At no time during the trial did defendant admit the act was being committed either with or without his knowledge or consent. He took the stand and denied that it occurred at all.

In his brief and argument appellant for the first time extends his defense theory. Now, in addition to contending that the court erred in failing to find as a matter of law that the State failed to prove the essential elements of knowledge and consent on the part of defendant, he complains of the court's failure to instruct the jury on the necessity to find knowledge and consent on his part as a separate element of the crime charged. He now argues there was no evidence that he assented to or approved of or participated in the crime, and claims the only evidence tending to prove the contrary was that he was found in the company of another at the time the alleged crime was committed. We cannot agree with either the premise or the result. At no time during the trial was the court advised of this position and we find no objections to the court's instructions to the jury, nor do we find any request by him for additional instructions on the element of knowledge and consent. Apparently, then, the issue submitted to the jury was whether defendant and Schmidt were or were not engaged in the act of sodomy, for defendant's evidence was that they were merely scuffling over cigarettes when the guard came upon them. That was the sole import of defendant's testimony.

■ On the other hand, the testimony of Otis Anderson, employed as a cellhouse lieutenant, left no doubt as to joint participation. He stated on May 5, 1966, at approximately 11:45 A.M. he was checking cells while the inmates were at dinner. In the process he came upon defendant and Schmidt together in a small cell on J galley of Cellhouse E. He said defendant was lying on a bed face down with his pants down below his knees. Schmidt was on top of defendant with his pants unzipped and had his sexual organ in the rectal opening of the defendant. He ordered the men to get back to their cells and said, when Schmidt raised up he "could see the whole goings-on right . there." We believe the evidence was sufficient to sustain a finding of defendant guilt as a principal, not as merely an accessory to this crime.

■ I. The rule is well established in this jurisdiction that criminal cases should be submitted to the jury if there is substantial evidence tending to support or reasonably support the charge. State v. Estrella, 257 Iowa 462, 465, 133 N.W.2d 97, 99; State v. Miskell, 247 Iowa 678, 686, 73 N.W.2d 36, 41; State v. Anderson, 239 Iowa 1118, 1125, 33 N.W.2d 1, 6, and citations. This evidence may be direct or circumstantial or a combination of both. State v. Estrella, supra; State v. Manly, 211 Iowa 1043, 233 N.W. 110; State v. Heinz, 223 Iowa 1241, 275 N.W. 10, 114 A.L.R. 959. In considering a motion for a directed verdict, the evidence, of course, is to be viewed in the light most favorable to the party against whom the motion is directed. State v. Estrella, supra; State v. Anderson, supra. See also 23A C.J.S. Criminal Law § 1145(3) h.

Section 705.1, Code of 1966, provides: "Whoever shall have carnal copulation in any opening of the body except sexual parts, with another human being, or shall have carnal copulation with a beast, shall be deemed guilty of sodomy."

■ As stated, the record here discloses that there was an eye witness to the alleged criminal act, a cellhouse guard. Both defendant and Schmidt denied this occurrence, and another inmate who claimed he witnessed the occurrence through a window substantiated their story of wrestling over a pack of cigarettes which had fallen from

Schmidt's pocket. There is no merit in appellant's contention that this evidence was merely circumstantial and, as such, was insufficient to sustain a conviction. Of course, any evidence, circumstantial or direct, must be sufficient to raise a fair inference of guilt and must generate something more than suspicion, speculation or conjecture. State v. Daves, 259 Iowa 584, 586, 144 N.W.2d 879, 881, and citations. The State's evidence here was substantial and we think sufficient to sustain a finding that defendant participated as a principal in this prohibited act and was guilty of the offense charged.

■ The jury evidently believed the State's witness, as it had every right to do. It is well settled that this court is powerless in a criminal case to interfere with the discretion of the jury to believe or disbelieve any witness. State v. Estrella, supra; State v. Lightfoot, 107 Iowa 344, 351, 78 N.W. 41, 43.

■ II. Of course, the mere fact that a person was in the company of another at the time of the commission of an offense by the other will not render the former guilty of that offense. State v. Farr, 33 Iowa 553; State v. Daves, supra, 259 Iowa 584, 144 N.W.2d 879. However, a common purpose among two or more persons to commit a crime may be shown by positive evidence or may be inferred from the circumstances surrounding the act. State v. Kneedy, 232 Iowa 21, 28, 3 N.W.2d 611, 615; State v. Horrell, 260 Iowa 945, 151 N.W.2d 526. Knowledge or intent is usually inferred from the circumstances. State v. Van, 232 Iowa 34, 2 N.W.2d 748; 22 C.J.S. Criminal Law §§ 87 and 88.

Apparently appellant now maintains that because his sexual organ was not involved, the proof only went to his part as an aider and abettor and, as such, the State must show he intended to participate, that the issue of his intent and consent then should have been submitted to the jury under a proper instruction. This same contention was made in State v. Simpson, 243 Iowa 65, 68, 50 N.W.2d 601, 602. There we fully discussed the intent and purpose of the statute which makes unlawful designated acts of sex expression, and concluded our statute should be construed in a broad and inclusive manner and, when the evidence shows actual participation in the copulation as it did there and does here, he should be held as a principal and not as an accessory.

The only issue fairly raised in the case at bar, as we view it, is whether appellant and Schmidt were jointly committing an act of sodomy or wrestling for some cigarettes when they were observed by the witness Anderson. We are satisfied the elements necessary to prove this crime were fully presented and that the instructions were adequate. State v. Sampson, 248 Iowa 458, 466, 79 N.W.2d 210, 215, and citations.

■ III. The trial court committed no reversible error by not giving a specific instruction on consent, actual or implied, to participate in the act of sodomy. Although such an instruction may have been appropriate had he been charged as an accomplice or if the evidence had so indicated, this was not the case here. We conclude, after a careful review of the testimony, that the evidence of participation here is not susceptible to different interpretations requiring a jury finding as to defendant's knowledge of or consent to this crime or as one acting as an accessory thereto. As bearing thereon, see State v. Schreck, 258 Iowa 218, 137 N.W.2d 914.

■ IV. As previously mentioned, there was no objection to the court instructions in the trial court either at the time they were given or by motion for a new trial. We have repeatedly stated that a party who desires additional or more specific instructions to emphasize his theory of the case must make timely request therefor, and his failure to do so leaves him no cause of complaint on appeal. State v. Hardesty, Iowa, 153 N.W.2d 464, and citations. It is also true that when defendant failed to renew his motion to direct at the close of

all evidence, it is deemed waived. State v. McElhaney, Iowa, 153 N.W.2d 715, 717.

We have carefully reviewed the record and transcript filed herein, as we are required to do under section 793.18 of the Code, and are convinced appellant had a fair and impartial trial with competent counsel. The verdict and judgment must, therefore, be affirmed.

Affirmed.

All Justices concur.