The State v. Parker.

## THE STATE v. PARKER.

1. **Criminal Law**: JEOPARDY OF DEFENDANT ON FORMER ABORTIVE TRIAL: FACTS CONSIDERED: RIGHTS UNDER FEDERAL AND STATE CONSTITUTIONS. Defendant was put on trial before a jury, and one witness on the part of the state was examined and cross-examined, when it appeared that none of the state's witnesses had been examined before the grand jury, but that the indictment had been found upon the minutes of the evidence as returned by the committing magistrate, (Chap. 130, § 3, Laws of 1880,) and that the district attorney had not given the notice required in such cases by section 4421 of the Code. Thereupon the district attorney moved for and obtained an order, under the *proviso* of the last named section, compelling the defendant to allow the state's witnesses to be examined, notwithstanding the want of such notice, or else to allow the case to be continued. Defendant excepted to this ruling, and moved the court to direct a verdict for defendant, which motion was overruled, whereupon, upon defendant's election, the cause was continued and the jury discharged. *Held* that defendant was not put in jeopardy by these proceedings, within the meaning of the fifth amendment to the constitution of the United States, and that he was not acquitted thereby, within the meaning of article 1, section 12, of the constitution of Iowa, and that he was properly put on trial at the next term of the court for the same offense. *State v. Redman*, 17 Iowa, 329, followed, and *State v. Calendine*, 8 Id., 288, distinguished.

2. ————: INDICTMENT FOR MURDER: VERDICT FOR ASSAULT WITH INTENT TO COMMIT GREAT BODILY INJURY. Under section 4466 of the Code, a verdict of guilty of an assault with intent to commit a great bodily injury may lawfully be found under an indictment for murder.

*Appeal from Carroll District Court.*

WEDNESDAY, JULY 22.

DEFENDANT was indicted for murder in the first degree, and, upon trial, was convicted of an assault with intent to do a great bodily injury, and from a judgment upon this conviction appeals to this court.

*W. G. Thompson* and *W. H. Stivers*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, CH. J.—I.  The defendant having been put upon trial on the indictment, a jury was impaneled and sworn, and the state examined one witness, who was cross-examined by defendant.  It then appearing that none of the state's witnesses had been examined before the grand jury returning the indictment, which had been found upon the minutes of the evidence as returned by the committing magistrate, as authorized by section 3, chapter 130, Acts Eighteenth General Assembly, which repealed Code, § 4289, thereupon the district attorney, under Code, § 4421, asked leave to introduce the evidence of the witnesses against defendant, showing by affidavit that he was not the district attorney when the indictment was found, and that he was not informed that the witnesses did not testify before the grand jury, and he believed that they did; such belief being based upon the fact that their names were indorsed upon the indictment.  He states in his affidavit that his ignorance of the facts of the case, and his belief that the witnesses had testified before the grand jury, were the reasons that induced him not to give the notice required by Code, § 4421.  The district court sustained the application of the district attorney, and required the defendant, as is required by Code, § 4421, to elect either to allow the cause to be continued or the witnesses to testify. To this ruling defendant excepted, and moved the court to direct the jury to return a verdict of not guilty.  The motion was overruled, whereupon the defendant elected that the cause be continued, and it was, accordingly, so ordered, and the jury was discharged.  At the next term defendant pleaded specially the facts of the proceeding at the prior term, as above recited, alleging that he had "once been put in jeopardy of his life and liberty for the same offense," and "had been duly acquitted of all the offenses set out in the indictment."  The matter then pleaded was held by the district court, by an instruction to the jury, not to be a defense to the indictment.  This ruling

<div style="font-size:smaller">

1. CRIMINAL law: jeopardy of defendant on former abortive trial: facts considered: rights under federal and state constitutions.

</div>

is the foundation of the first objection urged by defendant to the conviction. It now demands our attention.

II. Counsel insist that defendant was put in jeopardy of life and liberty by the first abortive trial; that such jeopardy began when the jury was sworn to try the case; and that the subsequent conviction of defendant upon another trial is in conflict with the fifth amendment of the constitution of the United States, which declares that no person shall be subject for the same offense to be twice put in jeopardy. It is probable, but the point we do not decide, that it would be found, upon consideration, that this provision of the federal constitution is applicable alone to the administration of the criminal laws of the United States, and was not intended to limit the power of the states by prescribing a rule directing the manner of the execution of their criminal statutes. See *Barron v. Mayor of Baltimore*, 7 Pet., 247; *Withers v. Buckley*, 20 How., 84. And it would appear that the facts of this case are not within the prohibition of article 1, § 12, of our own constitution, which declares that "no person shall, *after acquittal*, be tried for the same offense." The defendant was not acquitted upon the mistrial. The constitutional prohibition does not, therefore, protect him from a second trial. The proposition seems to be too plain to admit of argument.

III. But if it be conceded, which may be done for the purpose of this case, that defendant cannot be twice put in jeopardy by successive trials for the same offense, yet, under the doctrine recognized by this court in *State v. Redman*, 17 Iowa, 329, by the mistrial defendant was not put in jeopardy, and he cannot, therefore, claim that he was in jeopardy a second time upon the final trial. In that case it was held that a trial and a verdict of guilty, which was set aside on the ground of informality, (the indictment being for larceny, and the verdict failing to specify the value of the stolen property,) did not put the defendant in jeopardy, so that he could claim protection from a second trial. That case is stronger in its

facts supporting the claim that the accused was before in jeopardy than is this. This proposition does not in its support demand discussion. Following *State v. Redman*, we hold that defendant was not put in jeopardy by the mistrial. *State v. Calendine*, 8 Iowa, 288, is not in conflict with our construction in this case. In that case, upon a trial of the indictment the court dismissed it and discharged the defendant. It was held that the dismissal of the indictment amounted to an acquittal, which was well pleaded in bar of the subsequent indictment for the same offense.

IV. It is urged by counsel for defendant that the verdict of guilty of an assault with an intent to commit a great bodily injury, upon the indictment for murder, is unauthorized by law. Code, § 4466, provides that "the defendant may be found guilty of an offense the commission of which is necessarily included in that with which he is charged in the indictment." It cannot be doubted that an assault is included in the crime of murder. Usually an indictment in express words charges an assault with felonious intent. Of necessity, an assault must have been literally committed in all cases of murder by direct violence. The intent with which the assault is committed relates to its character and indicates its degree. It is discovered, not in the extent or nature of the violence, but in the *animus* of the perpetrator. It follows that an assault, whether with an intent to murder, to maim, or to inflict a great bodily injury, is included in the crime of murder. It is the settled doctrine of the law in this state that an assault is included in the crime of murder; the intent with which the assault is committed does not exclude it. This case illustrates the reasonableness of the rule we recognize. The indictment alleges assault upon the deceased, who was a child, the failure and refusal of defendant to furnish him with medical treatment and care, and the compelling of the child to work while wounded and bruised. Now, if the jury found that death resulted, not from the assaults and

*[margin note: 2. ——: indictment for murder: verdict for assault with intent to commit great bodily injury.]*

treatment received from defendant, but from disease, and also found that defendant did assault the child with an intent to inflict a great bodily injury, their verdict is authorized by the law, the assault being included in the charge of murder.

Other objections to the judgment of the district court than those above discussed are not argued by defendant's counsel. Upon consideration of the whole record before us, we find no ground for reversing the judgment. It must therefore be

