[Crim. No. 686. Department One.—February 15, 1901.]

## THE PEOPLE, Respondent, v. JOHN HILTEL, Appellant.

CRIMINAL LAW—ARSON—PRELIMINARY EXAMINATION—COMPLAINT—FAIL-URE TO INDORSE FILING—JURISDICTION OF MAGISTRATE.—The magistrate who conducted the preliminary examination of a defendant charged with arson, upon a complaint made and sworn to in the usual way, and who entered in his docket the fact that the complaint was filed, and after a hearing held the defendant to answer, and indorsed the order on the complaint, did not lose jurisdiction by the mere omission to indorse the fact of filing upon the complaint, there being no question as to the identity of the complaint, and that the defendant was arrested upon it and had it read to him, and was committed upon it after due hearing.

ID.—EVIDENCE—OWNERSHIP OF BURNED PREMISES BY WIFE OF DEFEND-ANT.—Evidence is admissible to show that the wife of the defendant was the owner of the premises on which the fire occurred, where the land was fully identified as the same as that conveyed to the defendant by deed, and by him deeded to his wife.

ID.—CHARGE OF BURNING OF DWELLING—FIRE IN WINE CELLAR AND TANK-HOUSE.—Where the charge was only for the burning of a dwelling, and the proof showed that there was also fire in a wine cellar and tank-house near by, not included in the information, and tended to show that the dwelling would inevitably have burned from the fire in the cellar and tank-house, it was competent to show what the cellar contained, and that the three buildings were apparently fired simultaneously.

ID.—FIRE COMMUNICATED TO DWELLING FROM WINE CELLAR.—The malicious setting of fire to a wine cellar by the defendant, which caused the flames to be communicated from the wine cellar to the dwelling-house near by, which was charged to have been burned by the defendant, and which necessarily caused the house to take fire and be consumed, would constitute a burning of the dwelling within the law of the crime of arson, although the jury could not find the defendant guilty of arson for setting fire to the cellar, because not included in the charge.

ID.—INSTRUCTION—CIRCUMSTANTIAL EVIDENCE—ABSENCE OF DEFINITION NOT REQUESTED.—An instruction pointing out generally what constitutes direct or positive evidence, and that there is another kind of evidence called circumstantial, "where it is sought to convict a person by a chain of circumstances sufficient in themselves to establish the guilt of the party beyond a reasonable doubt," is not erroneous for omitting further to define circumstantial evidence, if the court was not asked to define it.

ID.—ERRONEOUS REQUESTS — WEIGHT OF DEFENDANT'S TESTIMONY—PROOF OF INTENT—START OF FIRE OUT OF DWELLING.—Instructions
CXXXI. Cal.—37

requested, that the jury should give the same weight to the defendant's testimony as to that of any other witness, that intent to commit the crime must be proved by positive evidence, and that the defendant could not be convicted if the dwelling caught fire from the burning of the wine cellar or tank-house, were erroneous, and were properly refused.

APPEAL from a judgment of the Superior Court of Napa County and from an order denying a new trial. E. D. Ham, Judge.

The facts are stated in the opinion.

E. L. Webber, C. J. Beerstecher, and Webber & Rutherford, for Appellant.

Tirey L. Ford, Attorney General, and Henry A. Melvin, for Respondent.

CHIPMAN, C.—Defendant was convicted on an information charging him with the crime of arson. He appeals from the judgment and from an order denying his motion for a new trial.

1. When brought into court to plead defendant moved to set aside the information, on the ground that no complaint was ever filed against him and that the warrant of arrest was issued without authority of law and the magistrate had no authority to inquire into the charge laid in the information.

It was admitted that a complaint was made and sworn to before the justice of the peace who certified to the fact in the usual way; that the justice entered in his docket the fact that the complaint was filed; thereafter he issued the warrant of arrest, and defendant appeared in person and by counsel and the complaint was read to him, whereupon he said he was ready to proceed with the hearing, and the hearing was had, witnesses being sworn for the people, and defendant was held to answer, the order being indorsed on the back of the complaint. There was no indorsement showing that the complaint was filed, and it is urged that this omission left the magistrate without jurisdiction, and was fatal to any proceedings by the trial court. The provisions of the Penal Code are found in chapter IV, and in section 811 the duties of the magistrate are pointed out. It is nowhere required that the complaint shall

be marked filed, although the magistrate should so mark it for purposes of identification, if for no other reason. In the case here there is no question as to the identity of the complaint, and that defendant had it read to him and was committed upon it after due hearing. The jurisdiction of the magistrate did not depend upon his having first marked the complaint filed. It was sworn to before him and was entered filed in his docket, was left with him, and upon it he issued the warrant of arrest. This was sufficient to give him jurisdiction.

2. The testimony as to Mrs. Hiltel being the owner of the premises on which the fire occurred was admissible. The land was fully identified as the same as that conveyed to defendant by deed, and by him deeded to his wife.

3. It was competent to show what the wine cellar contained and to show that the cellar and the tank-house and dwelling were apparently fired simultaneously, although the information charged defendant with burning the dwelling, and did not include the other two buildings. There was evidence tending to show that the dwelling would inevitably have been destroyed from the fire in the cellar and likewise the tank-house. They were so close to each other that the burning of any one would warrant the belief that all would inevitably perish, especially as there were no appliances to extinguish the fire, and the distance from the neighbors would make it out of the question for them to reach the scene in time to be of much, if any, avail.

4. The court properly, we think, instructed the jury that while they could not find the defendant guilty of arson for burning the wine cellar, inasmuch as he was not charged with having caused the burning of this particular building, still if they should find from the evidence, beyond any reasonable doubt, that he set fire to the wine cellar willfully and maliciously, and that it "was situate so close to the building alleged in the information as having been burned by defendant as that the burning of said wine cellar necessarily caused, and did then and there cause, the flames from said wine cellar to be communicated to said house charged . . . . as having been burned by defendant, and that said fire was thus communicated from said wine cellar to said alleged house alleged to have been

burned, and then and there caused said house to take fire and be consumed, this would constitute a burning within the meaning of the law of the crime of arson." We discover no error in this instruction.

5. The court instructed the jury as to what constituted direct or positive evidence, and that there is another kind of evidence called circumstantial. The court did not undertake to define this latter kind of evidence, but the court said that it "is where it is sought to convict a person by a chain of circumstances which are sufficient in themselves to establish the guilt of the party, to the satisfaction of the jury beyond all reasonable doubt. Both of these classes of testimony are proper and upon either the jury may convict, providing they are sufficient to satisfy their minds beyond all reasonable doubt of the guilt of the party." It is complained that the instruction "left the jury to judge for themselves" as to what constituted circumstantial evidence. It would have been proper enough for the court to give to the jury a definition of circumstantial evidence, but it was not error to fail to do so. The court was not asked to define this class of evidence.

6. Defendant asked and was refused certain instructions, and now urges error for such refusal. We find here no ground for reversal. He asked, for example, that the jury be told that they should give the same weight to defendant's testimony as they would give to any other witness; that intent is a material ingredient in every crime, and must be proved by positive evidence, etc. Neither of these instructions correctly stated the law. The other instructions were to the effect that the defendant could not be convicted if the jury should find from the evidence that the dwelling caught fire from the burning of the wine cellar or tank building. But the court, we think, correctly instructed the jury on this phase of the case, and did not err in refusing the instruction asked by defendant.

The judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

          Van Dyke, J., Garoutte, J., Harrison, J.