STATE OF IOWA, Appellee, v. BILL YOUNG, Appellant.

No. 45608.

OCTOBER 14, 1941.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, M. E. Rawlings, County Attorney, and T. E. Murray, Assistant County Attorney, for appellee.

R. S. Hill and Sam G. Pickus, for appellant.

GARFIELD, J.—Defendant, Bill Young, was indicted for the crime of receiving stolen property. A jury found him guilty. He appeals from the judgment entered on the verdict.

The record before us is a clerk's transcript consisting principally of the indictment with minutes of testimony attached, the instructions to the jury, the motion for new trial and · exceptions to the instructions and the judgment entry. Appellant gave notice of his intention to submit the case upon

a printed abstract, pursuant to the provisions of Rule 32 of this court. However, no abstract has been filed, nor do we have a transcript of the testimony upon the trial. Although appellant lost his right to have the case considered on a printed abstract, it is our duty under section 14010, Code, 1939, to examine the record shown by the transcript. State v. Evans, 229 Iowa 932, 934, 295 N. W. 433, 434.

The indictment charges a violation of section 13042, Code, 1939, and alleges that appellant received and aided in concealing $100 in money stolen from one Rissler, knowing it to have been so obtained. The minutes of testimony attached to the indictment state that Rissler came to appellant's house in Sioux City; that one Cora Peterson extracted from Rissler's pocket a hundred dollar bill which she handed to one Myrtle Williams, who was in charge of the house; that Myrtle Williams, in turn, changed the money into $5 bills which she gave to appellant.

 The first error assigned in appellant's brief is that the trial court should have instructed the jury that Myrtle Williams was an accomplice whose testimony must have been corroborated by virtue of section 13901, Code, 1939. The point is not well taken. Without a record of the testimony, we have no way of knowing that Myrtle Williams was a witness upon the trial. Neither does the record before us show that she was an accomplice. Furthermore, the exceptions to the instructions do not raise the question now urged upon us and we cannot consider it.

Section 11495, Code, 1939, provides that "exceptions to the instructions * * * shall specify the part of the instructions as excepted to, * * * and the grounds of such exceptions." We have repeatedly held that this rule applies to criminal as well as civil cases. State v. Davis, 230 Iowa 309, 317, 297 N. W. 274, 277; State v. Grigsby, 204 Iowa 1133, 216 N. W. 678; State v. Higgins, 192 Iowa 201, 182 N. W. 887.

It is next urged that the trial court erred in instructing the jury in connection with the value of the money in question and in submitting a form of verdict finding the value thereof to be $100. Without having the testimony before us, we cannot say that the trial court erred in this respect. Furthermore, the exceptions to the instructions filed in the court below make no complaint because of this alleged error and, under the authorities

above cited, appellant cannot urge it for the first time in this court.

It is claimed that the instructions of the court failed to require proof that appellant knew the money which came into his hands was stolen. It is an essential element of the crime charged that an accused have knowledge that the property was stolen. Section 13042, Code, 1939. The record does not support this assignment of error. The trial judge carefully and correctly instructed the jury that such guilty knowledge was necessary on the part of appellant, in order to warrant a conviction.

The foregoing sufficiently covers the matters argued in appellant's brief. An examination of the transcript fails to disclose reversible error in any of the respects claimed or in any other respect.—Affirmed.

All JUSTICES concur.