STATE OF IOWA, Appellee, v. CHARLES A. LONG, Appellant.

No. 45683.

390

December 9, 1941.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and Henry F. Reed, County Attorney, for appellee.

George F. Mikesh, for appellant.

OLIVER, J.—Charles A. Long was indicted for murder in the first degree for the killing of his wife. Upon trial he was convicted of murder in the second degree and has appealed. The killing took place in the home of the parties, in the presence of their three children, of whom the oldest was aged seven years. Previously they had agreed upon a divorce. On this occasion there was a quarrel over finances in the course of which the wife struck the appellant with a dipper. Appellant testified his wife then secured a butcher knife with which she attempted to stab him and that he sought to hold her with his hands and arms. In the ensuing moments the knife was wielded in such manner that the wife received two stab wounds in her back, another just below her left collar bone and another in her breast. Two fingers of her right hand were cut to the bone on the palm side. She also received a five-inch superficial slashing wound on her head, small cuts on the palm of her left hand, and superficial cuts on the back of her right hand and right forearm. From these injuries

Mrs. Long died a few minutes later. Appellant himself received no knife wounds.

Appellant testified:

"She had the butcher knife in her hand and I jumped back. She tried to stab me with the butcher knife. I was scared. I thought she was going to kill me. I grabbed her right wrist and then swung around and had my arms around her from the back. The next thing I remember we were in the dining room by the stove. We were facing each other. She did not have a knife in her hand then, and was kind of staggering towards me. I left her lying on the floor south of the stove. I don't know if that knife was ever in my hand. I do not remember stabbing my wife."

In a written statement which appellant placed in evidence he stated:

"But I stabbed her with the butcher knife—I must have —but I don't remember doing it. After I came to—my mind was blank—I didn't know what I was doing— * * *."

■ I. Appellant assigns as error the overruling of the ground of his motion for new trial based upon the giving of instructions submitting the charge of murder in the first degree. He asserts there was no evidence to establish premeditation or deliberation, and "the fact that the jury could consider first degree murder was in itself prejudicial to defendant."

Whether or not the evidence was sufficient to sustain a verdict of murder in the first degree need not be determined. That is not the test of reversible error to be applied under the circumstances of this case. Appellant was indicted in due form for murder in the first degree and, upon trial, was convicted of murder in the second degree. In disposing of a complaint similar to the one at bar, this court said in State v. Sayles, 173 Iowa 374, 382, 155 N. W. 837, 839:

"The rule may be thus stated: If there is some evidence having that tendency, so that it cannot be said that the record contains no evidence having a tendency to prove the

higher offense, and there has been a conviction of a lower degree, or of one of the included crimes, then the submission of the issue as to the guilt of the higher offense, as murder in the first degree, ought not to be denounced as error, even though, had there been a verdict of guilty thereof, it would not have been allowed to stand."

And in State v. Brooks, 181 Iowa 874, 881, 165 N. W. 194, 197, the court said:

"The effect of State v. Sayles, 173 Iowa 374, is that, in the haste of the trial, and in view of the fact that error therein may be corrected later, the trial court does not have to nicely balance evidence in determining whether to submit the major offense, and that it may submit the same unless 'the record contains no evidence having a tendency to favor the higher offense,' even though the evidence as finally put in will not sustain a conviction of the higher offense."

We think the facts and circumstances in the record in the case at bar at least tend to show the elements necessary to constitute first degree murder. Under the rule above stated we conclude the submission of murder in the first degree was not reversible error.

■ II. Other errors assigned relate to instructions upon self-defense, which required the state to prove, beyond a reasonable doubt, among other things, "that the killing was not justifiable on the ground of self-defense, *or in the defense of another person* * * *." And again "that he was not justified in so doing, on the ground of self-defense *or the defense of another* * * *." (Italics ours.) Appellant's specific complaints concern the italicized phrases which refer to the defense of another. It is asserted there was no evidence to show the defendant acted in defense of another person and that the instructions were, therefore, misleading and prejudicial to him.

We do not agree with this conclusion. The court might well have omitted the references to which objection is made, but we think the failure to do so did not tend to mislead the jury or to deprive appellant of the benefit of the rule of self-defense. It merely unnecessarily broadened the scope of that

rule. Therefore, we are not disposed to hold the instructions constituted reversible error in the respect urged.

■ III. Appellant assigns error to instruction 31. . This instruction started as follows: "Another defense offered by defendant is that he suffered a temporary lapse of memory." The remainder of the instruction treated this as being a defense of insanity or mental derangement. Appellant asserts:

"* * * There was no evidence, not even dispute, as to mental capacity. The defense did not claim or establish by evidence or otherwise that the defendant was mentally incapable, or insane at the time or at any other time. This is something new imbedded into this case by the court in his charge to the jury, and is a fact or element not in existence in said case."

We think this objection is hypercritical. The evidence of appellant himself heretofore set out presents his mental condition as an excuse for the killing. This record, in the absence of a request to the contrary, warranted the giving of the instruction. Whether the instruction was more favorable to appellant than he was entitled to receive need not be determined.

■ IV. During the trial the court ordered the jury segregated. The parties stipulated that the two women jurors should occupy rooms at a place other than the residence of the men jurors, and should be kept in the custody of a woman bailiff, but that the meals of the jurors should be served together. Appellant's motion for new trial asserted that said women jurors ate breakfasts with the woman bailiff apart from the other jurors. Error is predicated upon the overruling of this ground of said motion. In the resistance thereto, it was shown that the sheriff, in the presence of counsel for appellant, discussed with the court the advisability of permitting the women jurors to breakfast with the woman bailiff at her home where they were kept and that said arrangement was apparently satisfactory to the court and to counsel for appellant. There was no claim of misconduct on the part of these jurors or the bailiff. The record affirmatively shows the absence of any prejudice. We find no error in the ruling of the trial court upon this proposition. State v. Billberg, 229 Iowa 1208, 1222, 296 N. W. 396, 404, and cases there cited.

V. Appellant contends the court erred in striking his exceptions to the instructions as not having been filed within the time permitted by statute. The correctness of this ruling need not be considered. Notwithstanding the striking of said exceptions, appellant, upon this appeal, has presented such of the exceptions as he elected to rely upon. Although this method of presentation does not comply with our rules, we have seen fit to consider said propositions, and have hereinbefore passed upon the merits thereof. And although not specifically presented to us, we have also carefully considered the other exceptions, all of which appear in the clerk's transcript, and have reached the conclusion that the instructions assailed were not erroneous in the particulars therein urged.

No reversible error appears in the record. Wherefore, the cause is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.