STATE OF IOWA, Appellee, v. CLAUDE VAN, Appellant.

No. 45650.

MARCH 17, 1942.

REHEARING DENIED JUNE 19, 1942.

White & Bruner, of Carroll, for appellant.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and Lloyd Karr, County Attorney, of Webster City, for appellee.

OLIVER, J.—Defendant, Claude Van, was indicted for the crime of assault with intent to murder Jesse Glen Cook, and upon trial to a jury was convicted of the included offense of assault with intent to inflict great bodily injury. He appeals from the judgment on said conviction.

This is a companion case to State v. Kneedy, 232 Iowa 21, 3 N. W. 2d 611. The two cases arose out of the same transaction. Separate trials were had. The appeals were submitted at the same session of this court.

Appellant and one Johnson were playing pool in a pool hall and beer parlor. Kneedy was a bystander. Just before midnight the three engaged in a noisy argument, resulting from the discovery by Johnson that appellant had placed some pool balls in Kneedy's coat pocket. As the argument was ending, it was midnight, the closing time of the pool hall. The proprietor and one

of his employees told the three parties to leave the pool hall. Appellant and Kneedy refused to go.

The proprietor took Kneedy by the coat collar and pushed him out of the door. Emmett Powell, an employee, seized appellant by the coat collar and arm and started toward the door with him. Cook, who was also an employee at the pool hall, followed closely at the side of appellant. The record is not clear whether Cook actually assisted Powell in ejecting appellant. As appellant was being pushed toward the door he turned his head in the direction of Cook and Powell and said, "I'll get even with you for this."

Immediately after the two men were forcibly ejected and the door was closed they returned to the door. It appears that a glass in the door made the men inside and outside visible to each other. Kneedy pushed the door partly open. Cook had been attempting to hold or close the door and was standing inside the pool hall in the opening of the door. Appellant, who was standing just outside the door with his right fist clenched, immediately and without warning struck Cook in the face with his fist.

Cook was knocked backward and down and his head struck the marble floor. The back of his head was lacerated and he was rendered unconscious for about 35 minutes. The wound was cleansed and treated once or twice daily, by a doctor, for about 10 days. During the first few days of this time Cook continued to work at the pool hall. About 10 days after the assault Cook developed a violent streptococcic infection of the throat, which thereafter caused his death. This ailment was not caused by the injury suffered from the attack.

█ I. The indictment charged appellant with the crime of assault with intent to murder. The court withdrew this charge but submitted to the jury the following included offenses: (1) Assault with intent to commit manslaughter; (2) assault with intent to inflict great bodily injury; and (3) assault and battery.

Challenging the sufficiency of the evidence to justify his conviction of the charge of assault with intent to inflict great bodily injury, appellant assigns as error the overruling of his motion for directed verdict upon that charge.

State v. Crandall, 227 Iowa 311, 288 N. W. 85, reviews many authorities dealing with the crime of assault with intent to inflict great bodily injury and states that this crime is not susceptible of exact definition, that the exact meaning of the term "great bodily injury" is difficult to define, though it has been said to be an injury to the person of a more grave and serious character than an ordinary battery; that the gist of the offense is the intent, which is seldom, if ever, capable of direct proof and ordinarily is disclosed by all the circumstances attending the assault, together with all relevant facts and circumstances antedating the assault; that the extent of the injury, although not in itself determinative of the intent, may be considered as bearing thereon. State v. Gillett, 56 Iowa 459, 9 N. W. 362; State v. Ockij, 165 Iowa 237, 145 N. W. 486; State v. Schumann, 187 Iowa 1212, 175 N. W. 75; State v. Dickson, 200 Iowa 17, 202 N. W. 225; and State v. Grimm, 206 Iowa 1178, 221 N. W. 804; State v. Parker, 66 Iowa 586, 24 N. W. 225; and other cases are cited in support of these pronouncements. The Crandall case also refers to the well-established principle that a person is presumed to have intended the natural result of his intentional act.

The proof of appellant's unlawful and unprovoked assault upon Cook was clear and undisputed. Appellant did not take the witness stand to deny or explain any of the evidence introduced by the State, or to attempt to excuse or justify his act. The force of the blow was sufficient to fell Cook and cause the back of his head to strike the marble floor of the pool hall with such violence as to lacerate his scalp and render him unconscious.

Appellant, in deliberately and intentionally striking the violent blow, will be presumed to have known that this or other bodily injury to Cook might reasonably be the result of such act. Under the record the question of appellant's guilt of the crime of assault with intent to commit great bodily injury was one of fact for the jury, and the refusal of the trial court to withdraw said charge from the jury was proper.

II. The submission to the jury of the charge of assault with intent to commit manslaughter is also assigned as error. However, appellant was not convicted of that charge. In cases

of this nature, where the accused has not been convicted of the higher charge, the test to be applied to determine whether or not the submission of said charge constitutes reversible error differs from that applied where accused has been convicted of the higher offense.

State v. Sayles, 173 Iowa 374, 382, 155 N. W. 837, 839, was a case in which the accused struck a man one blow with his fist, causing or hastening death. Accused was indicted for murder. The court submitted verdicts of murder in the first degree and murder in the second degree. Accused was convicted of murder in the second degree. In disposing of an assignment of error similar to that now under consideration, the court said:

"The evidence, inasmuch as no weapon other than the fist was used, is not very persuasive, and might not have been thought sufficient to have sustained a conviction of such crime, had the jury so found. But there was some evidence bearing thereon, and the trial court was not bound, at the peril of injecting error into the record, to draw nice distinctions as to the tendency of and accurately weigh the testimony as adduced and definitely ascertain in advance its sufficiency finally to sustain the charge of first degree murder. In other words, the particular offense of an accused in the commission of homicide *depends so largely upon the intention and motive* actuating him, *both inferable only from his conduct and words,* that often a careful analysis of all the evidence is necessary, in order to determine the particular offense or degree of offense of which there is sufficient evidence of guilt; and it would be casting too great a burden upon the trial court to exact in advance and in the hurry of the trial such analysis and definite determination, where there is some evidence, even though it may subsequently be found not enough to sustain conviction of one or more of the offenses or degrees of offense submitted. * * * The rule may be thus stated: If there is some evidence having that tendency, so that it cannot be said that the record contains no evidence having a tendency to prove the higher offense, and there has been a conviction of a lower degree, or of one of the included crimes, then the submission of the issue as to the guilt of the higher offense, as murder in the first degree,

ought not to be denounced as error, even though, had there been a verdict of guilty thereof, it would not have been allowed to stand.'' (Italics supplied.)

State v. Long, 231 Iowa 389, 1 N. W. 2d 102, follows the Sayles case. State v. Kyne, 86 Iowa 616, 53 N. W. 420, is cited by appellant. But in that case the higher offense was not one which ''depends so largely upon the intention and motive actuating'' the defendant, and there was no evidence of defendant's guilt of the higher offense. The quoted language in State v. Sayles, supra, ''the particular offense * * * depends so largely upon the intention and motive actuating him, both inferable only from his conduct and words,'' is directly applicable to the case at bar.

Adverting to the record, there was the threat of appellant to ''get even,'' his standing in the doorway with clenched fist, and the striking and felling of Cook upon the marble floor. The evidence of assault with intent to commit manslaughter may not have been sufficient to sustain a conviction of said crime. But there was some evidence inferable from appellant's conduct and words having a tendency to prove ''the intention and motive'' upon which the offense charged ''depends so largely.'' Therefore, we conclude its submission to the jury was not reversible error.

III. Appellant also assails certain of the instructions to the jury. However, although numerous exceptions to the instructions were taken, said exceptions do not raise the propositions now presented upon appeal. Therefore, the alleged error may not be considered. State v. Young, 230 Iowa 1119, 300 N. W. 263, and cases there cited. However, our study of the record and the instructions leads us to conclude appellant had a fair trial. In fairness to counsel for appellant, it should be said that they did not represent appellant in the trial court.

The judgment is affirmed.—Affirmed.

BLISS, C. J., and SAGER, HALE, STIGER, WENNERSTRUM, and GARFIELD, JJ., concur.