The **STATE** of **Iowa**, Appellee,

v.

**Jack McCLELLAND, Appellant.**

**No. 52960.**

Supreme Court of Iowa.

Nov. 12, 1968.

Harold G. DeKay, Atlantic, for appellant.

Richard Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Coral F. Greenfield, Bayard, County Atty., for appellee.

RAWLINGS, Justice.

Charged by indictment with the crime of breaking and entering a store with intent to commit larceny in violation of section 708.8, Code, 1966, defendant entered a not guilty plea, trial to jury resulted in a verdict finding him guilty of offense charged, and from judgment of conviction, he appeals. We affirm.

The record discloses that about 1:30 A. M., December 19, 1966, Donald Carrick, Adair Town Marshall, accompanied by Duane Avey, saw a stalled 1962 white Chevrolet, bearing Nebraska license No. 1-T8278, on a street of the business section of the town, and in accord with request made, helped start the vehicle by pushing it.

Carrick then began his customary second round check of business establishment back doors, all of them having been previously found locked.

During this second tour of inspection the marshall noticed defendant on the street and stopped him. Defendant then opened his coat revealing a large screwdriver inside the belt, and was briefly "frisked", but nothing taken from him.

At a service station to which defendant was taken, he was perfunctorily searched by Carrick, and asked to produce identification papers, but was unable to do so stating they were in the 1962 Chevrolet. About that time, the vehicle was seen going south past the station. The highway patrol was then called and told to seize the car.

A short time later highway patrolman Curd arrived, searched defendant, took possession of the screwdriver, and a tie rod pry bar which defendant removed from inside his shirt. These articles were turned over to the marshall. He later delivered them to Don L. Foster, Sheriff of Adair County.

When Curd inquired as to defendant's purpose in carrying the screwdriver, the

latter stated he was going to Des Moines with a Mike Reynolds to see about a job and they were carrying tools to fix the car in event of a breakdown.

When Marshall Carrick was about to leave the station, in order to complete his second round of inspection, defendant said one door would be found open, he had broken it.

At approximately 3:00 A.M., patrolman Curd and Herrick located the Chevrolet in a driveway in the easterly part of Anita. Mike Chafa, the driver, was taken into custody. About the same time these patrolmen received a call for help from fellow officer Smith, who reported he was then engaged in the pursuit of some people suspected of having committed a burglary in Casey, and that they were shooting at him. The Chevrolet was left where found because of the emergency call from Smith.

Later, in accord with orders received from the Anita night marshall, Arlo E. Christensen, former Mayor of that town, went to where the Chevrolet was parked. He saw nothing in the front seat of the parked vehicle, but did observe some cigarette boxes on the back seat covered by a blanket, and a Wolverine Shoe box on the rear floor. The car, being driven by him into Anita, was there parked and locked near the Christensen garage, in accord with instructions given by Patrolman Smith.

Lester Petersen, Guthrie County Sheriff testified, the morning of December 19, 1966, Max Whetstone, owner of a grocery store in Casey, reported a break-in of his establishment. This officer immediately commenced an investigation. The screwdriver and pry bar referred to above were turned over to him by Sheriff Foster. Petersen made plaster prints of pry marks on the store door, and took pictures of the doorway, some portraying the pry bar found on defendant being held in the door markings. He stated the bar fit exactly into those marks.

Subsequently, a search warrant having been obtained, the then locked Chevrolet was searched. In the rear seat were found, and Sheriff Petersen took possession of, 139 cartons of cigarettes; a cash register slip from the Whetstone store dated December 17, 1966, showing a sale to Elise Knox; a Coal National A & P cardboard box; a pair of men's khaki pants; a cardboard box with the name Ed Wilepli written on it; black leather gloves; light brown leather gloves; and a box of Kleenex tissue. Also discovered in the Chevrolet glove compartment were defendant's billfold, identification papers and keys which, pursuant to this request, were turned over to him for which he gave a receipt.

Max Whetstone, owner of the subject store, identified the Coal National A & P box, the sales slip to Elise Knox, and the box with Ed Wilepli's name on it. He stated they were in his place of business prior to the break-in. This witness also testified to the effect a quantity of cigarettes had been taken, but could not identify those found in the Chevrolet or say with any certainty they were removed from his store. Whetstone was present during search of the automobile.

A special agent for the Iowa Bureau of Criminal Investigation, Dennis Ehlert, described pry marks on the store door, said he was present when the car was searched, and prepared an inventory of items seized. He also stated that among the things found but not included in the search warrant, therefore not listed on the inventory, was the billfold belonging to Jack McClelland, Jr. Similar testimony was presented by several other state agents, and they in addition testified to the effect the photographs taken fairly portrayed the things or conditions shown.

At close of the state's evidence defendant moved for a directed verdict which was overruled. He offered no testimony.

These five alleged errors are relied on for reversal: (1) insufficiency of evidence to support the verdict; (2) absence of identification of articles taken from the

store; (3) insufficiency of the evidence to connect the defendant with crime; (4) trial court's failure to instruct jury regarding purpose of certain exhibits and meaning of the terms "recently stolen" and "possession"; (5) overruling defendant's motions for new trial and, in the alternative, to set aside the verdict.

In seeming conflict with court rule 18 and rule 344(a) (4) (Third), Rules of Civil Procedure, only the last error assigned by defendant is followed by any brief and argument which, in lengthy omnibus form, is ostensibly presented in support of all errors asserted. But even there we find no brief point or authority with regard to the first two errors asserted. However, in view of the fact this is a criminal case we shall, as best possible, construe the argument presented in light of the record even though that task has been made unnecessarily burdensome. See section 793.18, Code, 1966; State v. Fiedler, Iowa, 152 N. W.2d 236, 239; and State v. Strum, 184 Iowa 1165, 1167, 169 N.W. 373.

■ I. On an appeal by defendant based upon claimed insufficiency of evidence to support a conviction, we view the evidence in that light most favorable to the state. It is the function of the jury, not ours, to decide disputed questions of fact, including permissible inferences to be drawn therefrom, and its finding is binding upon us unless without substantial support in the record or clearly against the weight of the evidence. State v. Anderson, Iowa, 159 N.W.2d 809, 812; State v. Wesson, Iowa, 149 N.W.2d 190, 192; and State v. Daves, 259 Iowa 584, 585, 144 N.W.2d 879, 880.

II. The first challenge here asserted by defendant is, trial court erred in overruling his motion for a directed verdict by reason of claimed insufficiency of the evidence. See in this regard State v. Cordaro, 206 Iowa 347, 349, 218 N.W. 477, and State v. Strum, supra, loc. cit., 184 Iowa 1177, 169 N.W. 373.

■ It is, of course, understood an accused is presumed to be innocent when placed on trial, and the state must establish, with the required degree of proof, all facts essential to constitute the crime charged. Until that is done the aforesaid presumption of innocence stands between defendant and a conviction. See State v. Wimbush, Iowa, 150 N.W.2d 653, 654, and State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920.

■ However, a question for the trier of the fact may be generated by circumstantial evidence. State v. Jones, 259 Iowa 375, 378, 144 N.W.2d 120.

■ Admittedly, the quality of evidence necessary to convict, either circumstantial or direct, must be sufficient to raise a fair inference of guilt. It must generate something more than suspicion, speculation or conjecture. State v. Daves, 259 Iowa 584, 586, 144 N.W.2d 879, and State v. Jones, supra.

■ On the other hand circumstantial evidence may be equal in value to, and sometimes more reliable than, direct evidence. State v. Manly, 211 Iowa 1043, 1050, 233 N.W. 110. See also 30 Am.Jur. 2d, Evidence, sections 1125–1126, pages 292–297.

■ And, as stated in State v. Horrell, Iowa, 151 N.W.2d 526, 529, quoting State v. Miskell, 247 Iowa 678, 686, 73 N.W.2d 36: "In a criminal action the cause should be submitted to the jury and the court should not direct a verdict of acquittal *if there is any substantial evidence reasonably tending to support the charge.*" (Emphasis supplied)

III. Defendant argues, inter alia, trial court erred in permitting certain photographs and attendant testimony to be introduced in evidence.

■ At the outset it should be noted an examination of the record discloses the screwdriver found on defendant's person and the pry bar later produced by him,

were admitted in evidence without objection. Resultantly defendant has no standing to now challenge admissibility of these exhibits. See State v. Brown, Iowa, 155 N.W.2d 416, 419, and State v. Torrence, 257 Iowa 182, 192–193, 131 N.W.2d 808. With regard to the foregoing see also Terry v. State of Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

■ Be that as it may, instruments found in possession of an accused, although not identified as those actually used in commission of a given crime, which are similar in form and character, or which, from the circumstances attendant upon their finding justify an inference of likelihood they were so used, are admissible in evidence for the purpose of showing availability to accused of the means of committing the offense in the manner it is shown to have occurred, or for the purpose of showing preparation. See State v. Wallace, 259 Iowa 765, 769–771, 145 N.W.2d 615; State v. Harless, 249 Iowa 530, 534–535, 86 N.W.2d 210; and 22A C.J.S. Criminal Law § 712, page 966.

IV. This brings us to the matter of admissibility in evidence of photographs depicting the "jimmied" door, and those portraying the bar found in defendant's possession fitting into the doorway pry marks.

State v. Dillon, Iowa, 161 N.W.2d 738, opinion filed October 15, 1968, involved a factual situation comparable to that presented in the instant case. We there said: "If, then, the tools themselves were admissible, we hold pictures of them, after being properly identified and after being shown to be accurate representations of the matters they purported to show, were also admissible. It is generally held such a photograph is merely a pictorial communication made by a qualified witness and is competent evidence of anything that witness could verbally describe. 23 C.J.S. Criminal Law § 852(1), page 342; State v. Estrella, 257 Iowa 462, 467, 133 N.W.2d 97, 100; State v. Miller, 259 Iowa 188, 191, 142 N.W.2d 394, 396.

"It cannot be seriously disputed here that witnesses could orally describe the condition of the door; the size and characteristics of the tools; and the fact, if it were a fact, that the screwdriver and nail bar [pry bar] fit the marks on the door frame. This is all the pictures did, and they were properly admissible for such purpose.

"Defendant objects because the exhibits show the sheriff holding the instruments to illustrate they fit the marks on the door. The fact that the pictures were to this extent posed does not argue against their admissibility. We have held such photographs proper when preliminary questioning shows the objects portrayed are faithfully represented. There was sufficient showing here. State v. Ebelsheiser, 242 Iowa 49, 55, 56, 43 N.W.2d 706, 710, 711, 19 A.L.R.2d 865; Stiefel v. Wandro, 246 Iowa 807, 817, 68 N.W.2d 53, 59 and citations. The admissibility of photographs is within the discretion of the trial court, and its ruling will not be interfered with on appeal except upon a clear showing of an abuse thereof. The trend of authority is to vest more discretion in the trial court in a matter of this kind. Ingebretsen v. Minneapolis & St. Louis R. R. Co., 176 Iowa 74, 82, 155 N.W. 327, 330; Coonley v. Lowden, 234 Iowa 731, 743, 12 N.W.2d 870, 878; Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 719, 107 N.W.2d 85, 93 and citations."

In the case at hand Sheriff Petersen, and other witnesses, not only established proper foundation for admission in evidence of all controverted photographs, but also satisfactorily explained them and conditions existing at the time they were taken.

Finally on this subject, exhibits 3, 4, 5, 7, 8 and 9, depicting the damaged door, were apparently received in evidence without objection, as was the testimony of this witness to the effect the bar fit exactly in the pry marks shown on exhibits 5, 7, 8 and 9.

The admission in evidence of these undisputed exhibits and accompanying oral

testimony cannot here be challenged for the first time. See State v. Hardesty, Iowa, 153 N.W.2d 464, 469, and State v. Brown and State v. Torrence, both supra.

We find no abuse of discretion by trial court in permitting any of the photographs to be introduced in evidence.

V. A search of defendant's brief on appeal fails to disclose either assignment of error or argument relative to circumstances preliminary to and attendant upon a search of the Chevrolet automobile.

In fact he claims and argues nothing more than that the articles found in the vehicle were not properly identified and failed to connect him with the crime charged. We cannot agree.

Although the cigarettes found in the automobile were not clearly identified, it still remains identity of some other items then and there discovered was properly established and they were shown to have been removed from the Whetstone store. See Underhill's Criminal Evidence, Fifth Ed., section 720.

Moreover, possession of this merchandise and other articles was sufficiently accounted for by witnesses testifying on the trial to negative any reasonable possibility they had been changed or tampered with at any time. See State v. Parker, Iowa, 151 N. W.2d 505, 508.

It must be conceded defendant was never seen in the white Chevrolet, but his billfold, identification papers and keys were found therein at time of the search. Furthermore, defendant later claimed, took possession of, and receipted for these items.

Referring again to State v. Horrell, Iowa, 151 N.W.2d 526, 529, this court there said: "The common purpose among two or more persons to commit a crime need not be shown by positive evidence, but may be inferred from the circumstances surrounding the act and from one's conduct before, at the time of, and after commitment of the illegal act. State v. Kneedy, 232 Iowa 21, 28, 3 N.W.2d 611, and citations. In such cases the evidence which would support a conviction as a principal ordinarily would also support a charge as an accessory, for the distinction between a principal and accessory before the fact has been abrogated in this state. Section 688.1, Code 1966. Any participation in a general felonious plan, providing that such participation be concerted and that there is evidence of actual or constructive presence at its commission, is generally held sufficient to render one criminally liable as a principal. State v. Kneedy, supra.

"Knowledge or intent is usually inferred from the circumstances. State v. Van, 232 Iowa 34, 2 N.W.2d 748. Participation therein may be inferred from presence, companionship, and conduct before and after the offense is committed. State v. Myers, supra [253 Iowa 271, 111 N.W.2d 660]; 22 C.J.S. Criminal Law §§ 87 and 88."

We are satisfied, evidence relative to the finding of defendant's billfold, identification papers and keys in the 1962 Chevrolet was properly received as tending to show his connection with the person in possession of goods recently stolen from the Whetstone store. See McIntosh v. United States, (8 Cir.), 341 F.2d 448, 455.

In addition, finding of the aforesaid merchandise in the Chevrolet tended to reveal the purpose for which the store was broken and entered, to-wit larceny.

It is not for us to speculate as to whether the jury found defendant guilty as a principal, or as an aider or abettor. If his conduct, with all attendant circumstances, unexplained during the period of time here involved, was sufficient to sustain an inference of guilt, and was inconsistent with any rational theory of innocence, the conviction must be upheld. See State v. Horrell, supra.

What then is the factual situation tending to connect defendant with the crime charged?

A summarization of the evidence, viewed in a light most favorable to the state, discloses: (1) About 1:30 A.M., December 19, 1966, a white 1962 Chevrolet bearing Nebraska license plates was seen in the Adair business district; (2) shortly thereafter defendant was stopped on the streets of Adair by the night marshall and found to be carrying a concealed screwdriver and pry bar; (3) he possessed no identification papers but stated they were in the 1962 Chevrolet; (4) defendant advised peace officers he was riding in the Chevrolet with a man named Mike and was carrying the tools for use in event the car broke down; (5) when the Adair night marshall was about to resume his second inspection tour of the business district defendant stated one door would be found open, that he had broken it; (6) the bar carried by defendant apparently matched pry marks on the door of the Whetstone store in Casey, which had been broken and entered that night and a quantity of cigarettes and other items taken; (7) soon after defendant's arrest a white Chevrolet was seized and the driver, Mike Chafa, arrested; (8) a subsequent search of the car revealed blanket covered cigarettes in the back seat, other items identified as having been taken from Whetstone's store, and defendant's billfold, identification papers and keys were found in the glove compartment; (9) on defendant's request his personal effects, discovered in the searched vehicle, were returned to him for which he gave a receipt.

■ This evidence serves to generate more than mere suspicion, speculation or conjecture. In fact there is substantial evidence reasonably tending to support the charge here made. Resultantly we find no error on the part of trial court in overruling defendant's motion for a directed verdict, and in submitting the case to a jury.

VI. However, defendant contends trial court erred in failing to instruct the jury relative to meaning of the terms "recently stolen" and "possession" in relation to goods found in the Chevrolet.

Apparently defendant takes the position he was never shown to have been in actual personal possession of any property taken from the Whetstone store. Accepting this as true, it still remains the jury was instructed as to the law relative to aiding and abetting another in the commission of a crime, also the legal meaning, purpose and limited scope of circumstantial evidence.

■ As stated in State v. Daves, 259 Iowa 584, 586, 144 N.W.2d 879: "To aid or abet means to assent to an act or to lend countenance or approval either by active participation in it or by some manner encouraging it." See also State v. Hargett, 255 N.C. 412, 121 S.E.2d 589, 592.

■ But that does not mean the state must prove an aider or abettor was physically present at the specific time and place a given illegal act was committed. See United States v. Moses, D.C., 122 F.Supp. 523, 526.

It is sufficient if the evidence discloses a defendant knowingly participated in, or advised, counseled, procured, or encouraged another in the commission of a crime, all of which, as aforesaid, may be inferred from proven surrounding circumstances. State v. Kneedy, 232 Iowa 21, 28, 3 N.W. 2d 611. See also Pereira v. United States, 347 U.S. 1, 9–12, 74 S.Ct. 358, 363–364, 98 L.Ed. 435; 22 C.J.S., Criminal Law, § 85, page 250; and 21 Am.Jur.2d, Criminal Law, section 119, page 197.

Here, as in State v. Horrell, supra, the evidence was sufficient to circumstantially support a finding that Chafa or defendant, aided or abetted by the other, with a common purpose, broke and entered the Whetstone store with intent to there commit larceny.

■ VII. Furthermore, "recently stolen" and "possession", as applied to the case at bar, are terms of ordinary meaning, and commonly understood.

Instructions to a jury may contain words, terms or phrases so uncommon or unfamiliar to the average person as to require some explanation, clarification or definition. The terms "recently stolen" and "possession" may, in the minds of some scholars, involve fine legalistic distinctions, but to the average person their meaning is ordinarily neither so veiled nor uncertain as to require that they be defined. In this regard see State v. Jiles, 258 Iowa 1324, 1338, 142 N.W.2d 451.

When all instructions given are considered together we find no error prejudicial to the accused in failure on the part of trial court to define the aforesaid terms.

VIII. Finally, for all the reasons heretofore stated, we conclude trial court did not err in overruling defendant's motion to set aside the verdict or in the alternative to grant a new trial.

Affirmed.

All Justices concur.