**STATE of Iowa, Appellee,**

v.

**Kurtis E. TRUE, Appellant.**

**No. 54318.**

Supreme Court of Iowa.

Sept. 27, 1971.

Walter C. Schroeder, Mason City, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and Clayton L. Wornson, County Atty., Mason City, for appellee.

REES, Justice.

Defendant was charged with arson in violation of section 707.2 Code, 1966, by county attorney's information, was tried, convicted, sentenced, and now appeals. The appeal is taken from the rulings adverse to the defendant upon his motions for directed verdict. We affirm.

During the early morning hours of March 19, 1970, the defendant, riding in an automobile then owned and operated by one Roger Herman and accompanied by David William Coburn and Terry Klein, went to the Nicholas Turkey Farm in Cerro Gordo County for the purpose of stealing gasoline for Herman's car. They found the nozzle on the gasoline pump had been secured by a chain and padlock, and while attempting to beat the padlock or chain off the nozzle with a tire iron, ruptured a service pipe on the gasoline pump permitting gasoline to escape in some considerable quantity and to run over the ground below the pump. As they started to leave it appears in the record from the testimony of one of the other parties, Coburn, that defendant True then said, "You don't have a hair if you don't go back and throw a match on it." Whereupon Coburn stepped from the automobile, went back, lighted a match, and threw it in the pool of gasoline, as a consequence of which some of the buildings on the farm were destroyed. Klein testified as a witness on behalf of the State that he heard defendant True make the above recited statement to Coburn. Herman, the owner and driver of the car, testifying as a witness for the defendant, stated that he had not heard the statement made by True or anyone else; in fact, he did not hear defendant True say anything to anyone. True did not partici-

pate in actually setting the fire, and is prosecuted as an aider and abettor of Coburn.

At the close of the State's testimony, defendant moved for a directed verdict on the grounds that there was no evidence sufficient for the jury to find the defendant willfully and maliciously set the fire, or aided, counseled or procured the burning of the buildings, and on the further ground that the comment or statement attributed to defendant True did not constitute an aiding, counseling or procuring of the burning of the buildings. The motion to direct was renewed at the conclusion of all of the evidence, at which time defendant asserted the further and additional ground that there was no evidence in the record to connect the defendant with the burning other than the uncorroborated testimony of persons who would be accomplices, contending the record established only the mere physical presence of the defendant at the scene of the alleged arson.

The defendant asserts error of the trial court in the rulings on the motions for directed verdict made first at the close of the State's testimony and renewed at the close of all of the testimony.

I. Evidence was introduced on the part of the defendant that the gasoline leaking from the ruptured service line on the pump flowed in a westerly, or southwesterly, direction and away from the buildings burned. This evidence was intended to negate a specific intent to burn a building as is required by section 707.2, the Code.

Intent is seldom capable of direct proof, but can be inferred from the facts and circumstances surrounding the act. State v. Brown (Iowa, 1969), 172 N.W.2d 152, 155; State v. Kittelson (Iowa, 1969), 164 N.W.2d 157, 163; State v. Myers (Iowa, 1968), 158 N.W.2d 717, 721; State v. Van, 232 Iowa 34, 37, 2 N.W.2d 748, 749.

■ The intentional igniting of the gasoline was an unlawful act in itself. Sec-

tion 707.3, the Code. All persons are presumed to intend the natural consequences of their acts. State v. Sauerbry, 233 Iowa 1076, 1081–1082, 10 N.W.2d 544, 547; State v. Van, *supra*, 2 N.W.2d at 749. See also 22 C.J.S. Criminal Law § 35, pp. 121–123. As the result of the firing of the gasoline, several buildings were burned, and the defendant is charged for the burning of the same under the provisions of section 707.2 of the Code.

■ In the matter before us, the act which precipitated the burning of the buildings was unlawful and intentional. The proximity of the gasoline pumps and the highly volatile nature of gasoline would necessarily cause a reasonable person in like circumstances to recognize the burning of the buildings was a probable result of his action in setting fire to the gasoline.

"It is a general rule, applicable to all criminal cases, including those where a specific intent is an element of the crime, that accused, if sane, is presumed to intend the necessary or the natural and probable consequences of his unlawful voluntary acts, knowingly performed. Accordingly, the law assumes a person to intend all the consequences which one standing in like circumstances and possessing like knowledge should reasonably expect to result from any act which is knowingly done." 22 C.J.S. Criminal Law § 35, pp. 121–123, *supra*.

We take the view the intent to set fire to the gasoline may be transferred to the burning of the buildings. There is no doubt from the record the burning of the gasoline was willful and malicious and this intent will be transferred to the unintended but natural and probable consequences, i. e., the burning of the buildings. State v. Ruhl, 8 Iowa 447; People v. Hiltel, 131 Cal. 577, 63 P. 919; 6 C.J.S. Arson § 3, p. 721; 21 Am.Jur.2d, Criminal Law, § 84, p. 165.

II. Defendant contends there was no corroboration of the testimony of the admitted accomplice Coburn by anyone other than persons standing in like relationship to the defendant, and that the testimony of accomplices standing alone and uncorroborated cannot justify conviction.

■ We recognize testimony of an accomplice is not sufficient without other evidence tending to connect the defendant with the commission of the offense charged. Section 782.5, the Code.

The inculpatory testimony of the witness Coburn was corroborated by the witness Klein. There is no evidence in the record to connect the witness Klein to the crime of arson or to implicate him therein. Complicity in the act of burning is not established on the part of Klein, and his mere physical presence at the scene of the crime does not make him an accomplice. State v. Kittelson, *supra*, 164 N.W.2d at p. 162; State v. Daves, 259 Iowa 584, 585–586, 144 N.W.2d 879, 880. See also 30 Am.Jur.2d, Evidence, § 1149, pp. 325–326; 23 C.J.S. Criminal Law § 786(2), pp. 4–5.

The burden of showing that Klein was an accomplice and in some way participated in the crime was on the defendant and it must be shown by a preponderance of the evidence. State v. Trogden, 258 Iowa 574, 578, 139 N.W.2d 393, 395, and cases therein cited; State v. Tippett, 244 Iowa 1350, 1354, 60 N.W.2d 538, 539.

It is a question of law for the court to determine whether there is corroborating testimony in the record, but its sufficiency is for the jury. State v. Schlater (Iowa, 1969), 170 N.W.2d 601, 603, and cases there cited. Further, the corroborating evidence need not be strong so long as it legitimately connects the accused with the crime. State v. Schlater, *supra*, 170 N.W.2d at pp. 603–604; State v. Neely, 261 Iowa 1107, 1114, 156 N.W.2d 840, 844.

It is asserted all four men were at the scene for the purpose of stealing gasoline, and thus are all accomplices of one another. The jury apparently found there was no participation by anyone except Coburn and defendant True in the crime of arson.

We therefore hold there was sufficient independent corroborating evidence tending to connect the defendant with the crime of arson, and directly hold the witness Klein was not an accomplice to the crime.

 III. "Any person who willfully and maliciously * * * aids, counsels or procures the burning of any barn, stable or other building, the property of himself or another * * *" is guilty of arson and shall be punished accordingly. Section 707.2, the Code.

Defendant insists the words "You don't have a hair if you don't throw a match on it" constitute a dare or challenge, and do not come within the meaning of "counsel" as embraced in § 707.2, above. "Counsel" relates to advice given by one to another in relation to a proposed line of conduct. Black's Law Dictionary, Revised 4th Ed. p. 418; Words and Phrases, Vol. 10, Permanent Ed., p. 3. We do not feel the words uttered by defendant True could be characterized as "advice". The prohibition against a procuring of one to commit the crime of arson, which is proscribed by the statute, however, presents a different matter. Black's Law Dictionary at p. 1373, defines "procure" as "to initiate a proceeding; to cause a thing to be done; to instigate; to contrive, bring about, effect or cause (see citations). To persuade, induce, prevail upon, or cause (see citations)." See also Words and Phrases, Vol. 34, Perm. Ed. pp. 278 and 282. We conclude the comment of defendant True to his co-actor Coburn comes well within the meaning of the word "procure", and thus renders the defendant criminally liable under § 707.2, the Code.

Defendant cites United States v. Nearing, 252 F. 223 (S.D.,N.Y.) and insists it holds that an utterer of words is not criminally liable merely because he knows they will reach some persons who will find them a basis for criminal acts. At pp. 227–228, however, Nearing goes on to say the meaning of the words used is determined objectively and does not depend upon the in-

tent of the speaker. It is our conclusion the record establishes the words used procured Coburn to fire the gasoline, and as a result of their utterance the crime was committed, and the complicity of the defendant therein is established.

We find no reversible error in the record and affirm.

Affirmed.

All Justices concur, except MASON, J., who takes no part.