# IN THE COURT OF APPEALS OF IOWA

No. 22-0599
Filed March 8, 2023


**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**THOMAS LEE WHITE,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.



      Thomas Lee White appeals his convictions and sentences for first-degree robbery and willful injury causing serious injury.  **AFFIRMED.**


      Priscilla E. Forsyth, Sioux City, for appellant.

      Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


      Considered by Greer, P.J., Chicchelly, J., and Danilson, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CHICCHELLY, Judge.**

Thomas Lee White appeals his convictions and sentences after a jury found him guilty of first-degree robbery and willful injury causing serious injury. He contends (1) insufficient evidence supports his conviction for willful injury causing serious injury and (2) his convictions must merge. Because substantial evidence supports White's willful-injury conviction and it does not merge with his first-degree-robbery conviction, we affirm.

White's convictions result from an October 2021 attack on Jeremiah Jensen that White perpetrated with Waylon Brown. We summarized the facts of the crime in the opinion affirming Brown's convictions and sentences on direct appeal:

> The attack occurred at around 5:30 a.m. as Jensen walked back to his apartment after buying doughnuts from a nearby convenience store. Jensen testified that as he approached the apartment complex, he encountered Brown, who he knew from the neighborhood. When Brown began talking about an incident from two weeks earlier involving Brown's girlfriend, Jensen replied, "I don't care. I got my own problems." Jensen then heard Brown say, "Get him, Tommy," before Tommy White charged at him with a baseball bat. Jensen ran to the front of the building where he knew there was a surveillance camera as both men gave chase. As Jensen reached the door to the complex, Brown shoved him from behind. Jensen fell against the door, and White struck him in the back of the head with the bat. The backpack Jensen was wearing was taken along with a phone from his pocket before the men left. When Jensen reached his apartment, his cousin called 911 for an ambulance. During that call, Jensen named Brown and White as his attackers. He was transported to a hospital, where thirteen staples were needed to close the wounds on his head.

*State v. Brown*, No. 22-0324, 2023 WL 1812691, at *1 (Iowa Ct. App. Feb. 8, 2023).

We begin with White's challenge to the evidence supporting his conviction for wilfull injury causing serious injury. The trial court instructed the jury that to find White guilty of that charge, the State had to prove beyond a reasonable doubt that:

> 1. On or about October 20, 2021, in Woodbury County, Iowa, the defendant hit Jeremiah Jensen in the head with a baseball bat.
> 2. The defendant specifically intended to [cause] a serious injury to Jeremiah Jensen.
> 3. The defendant caused a serious injury to Jeremiah Jensen as defined in Jury Instruction No. 22.

White challenges the second of these elements. White admits that he hit Jensen in the head with a baseball bat but claims the evidence does not show he did so with a specific intent to cause serious injury.

We review claims of insufficient evidence for correction of errors at law. *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). We view the evidence and the inferences drawn from it in the light most favorable to the State. *Id.* We affirm if substantial evidence supports the verdict. *Id.* Because intent "is seldom capable of direct proof," we must infer it from "all the circumstances attending the assault, together with all relevant facts and circumstances disclosed by the evidence." *State v. Bell*, 223 N.W.2d 181, 184 (Iowa 1974).

At trial, the State introduced a video of the assault captured by the security camera outside of Jensen's apartment building. The start of the video shows Jensen running to his apartment building followed closely by Brown. White is running a few paces behind with a baseball bat in his right hand. Jensen and Brown leave the frame as they reach building's door, and White slows as he reaches them, raising his bat and gripping it in both hands. He draws the bat back and then surges forward while swinging it. Although the contact with Jensen's

head occurs off-screen, the result is depicted in photographs of the bloody lacerations to Jensen's skull, which doctors closed with staples.

Substantial evidence supports a finding that White intended to inflict serious injury when he assaulted Jensen. White concedes that Jensen sustained a serious injury because it caused permanent scarring. *See State v. Phams*, 342 N.W.2d 792, 796 (Iowa 1983) ("We have recognized that the statutory definition of serious injury includes those 'injuries which leave the victim "permanently scarred or twisted . . . ."'" (citation omitted)). We presume that a defendant intends the necessary, natural, and probable consequences of an unlawful act. *See State v. True*, 190 N.W.2d 405, 407 (Iowa 1971). Probable consequences are those that a person "standing in like circumstances and possessing like knowledge should reasonably expect to result from any act which is knowingly done." *Id.* (citation omitted). A person in White's position would reasonably expect that swinging a baseball bat at a person's skull as one swings at a baseball would result in serious injury, so the jury could infer that White intended to cause serious injury. *See id.*

White also contends his convictions for first-degree robbery and willful injury causing serious injury merge. He claims the elements of first-degree robbery cannot be satisfied without satisfying the elements of willful injury. We considered and rejected this argument in *Brown*, 2023 WL 1812691, at *3–4. For the same reasons, White's claim lacks merit.

We affirm White's convictions and sentences for first-degree robbery and willful injury.

**AFFIRMED.**